**The DERSON GROUP, LTD., Plaintiff,**

v.

**RIGHT MANAGEMENT
CONSULTANTS, INC.,
Defendant.**

**No. 87 C 2421.**

United States District Court,
N.D. Illinois, E.D.

March 25, 1988.

Roger L. Taylor, Delilah Brummet, Miriam G. Bahcall, Kirkland & Ellis, Chicago, Ill., for plaintiff.

Don R. Sampen, Michael P. Palmer, Jenner & Block, Chicago, Ill., James M. Smith, James T. Heidelbach, Gebhardt & Smith, Baltimore, Md., for defendant.

ORDER

BUA, District Judge.

Defendant Right Management recently filed two discovery motions. The first motion seeks to compel answers to Right Management's first and second sets of interrogatories. The second motion requests leave of court to file additional interrogatories. This court grants both of these motions, but denies Right Management's motion for sanctions.

The interrogatories at issue here are not unreasonable; Right Management seeks information highly relevant to this case. Plaintiff The Derson Group objects to the interrogatories, claiming that Right Management can find the information it seeks by reviewing the business documents that The Derson Group has already provided. The Derson Group, however, cannot avoid Right Management's interrogatories simply by general reference to the 33,000 documents previously produced. Instead, The Derson Group must provide "sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed.R.Civ.P. 33(c); *see also Colorado v. Schmidt–Tiago Construction Co.,* 108 F.R.D. 731, 735 (D.Colo.1985). The Derson Group has given Right Management no clue as to where to find the requested information among the voluminous documents already submitted. Therefore, Right Management is entitled to use interrogatories to elicit the information it seeks.

After a protracted and abortive series of settlement negotiations, the parties to this action seem bent on bringing their dispute

to trial. Given the inclination of the litigants, this court sees no reason to tolerate any further stalling tactics or delays in discovery.