In re Paul A. BILZERIAN, Debtor.

SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

Paul A. BILZERIAN, Defendant.

Bankruptcy No. 91–10466–8P7.
Adv. No. 92–605.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 29, 1995.

Catherine M. Shea, Washington, DC, for Plaintiff.

Paul A. Bilzerian, Tampa, Florida, Pro Se.

## ORDER ON MOTION TO COMPEL TO ANSWER INTERROGATORIES; THIRD MOTION TO COMPEL THE DISCOVERY REQUESTS, MOTION FOR SUMMARY JUDGMENT BY SECURITIES EXCHANGE COMMISSION; AND MOTION TO RESCHEDULE HEARING FILED BY PAUL A. BILZERIAN

ALEXANDER L. PASKAY, Chief Judge.

**THIS IS A CHAPTER 7 LIQUIDATION CASE** and the matters under consideration are three Motions filed by Paul A. Bilzerian, the Debtor (Debtor). The motions all relate to an ongoing discovery dispute with the Securities Exchange Commission (SEC), the Plaintiff in the above-captioned adversary proceeding. The discovery dispute centers around interrogatories number 10, 11, 12, 13 and 14, propounded by the Debtor. It is the contention of the Debtor that the SEC failed to furnish satisfactory answers to these interrogatories.

■ The Debtor in his Motion requests that this Court enter a order compelling the SEC to furnish the requested information. The questions basically relate to the Debtor's request that the SEC furnish the following information: (1) the identity of the parties who were the alleged victims of the Debtor's alleged wrong doings; (2) the amount of loss these victims suffered; (3) the facts that would indicate a justifiable reliance of these victims on any alleged misrepresentation, false pretenses, or fraudulent statements made by the Debtor; (4) and the number of complaints the SEC received and the name and addresses of the complaining parties.

In its response, the SEC contends that the Debtor is able to obtain this information from documents already produced by the SEC, which documents were delivered to the Debtor in twenty-eight boxes. The SEC argues that it is too burdensome for the SEC to sort through the boxes and find the documents requested. According to counsel for the SEC, although the burden to find the partic-

ular document may be equally burdensome to the Debtor, the law provides that the moving party who seeks the information should carry the burden, and not the party to whom the requests have been made. Moreover, counsel for the SEC contends that Fed.R.Civ.P. 33(d), provides that where an answer to an interrogatory may be derived from the business records of the ·party upon whom the interrogatory has been served, it is sufficient to answer the interrogatory by referring to the records from which the answer may be derived.

■ This Court has no difficulty with the validity of the proposition urged by the SEC without the following qualification. First, before the answers may be furnished with reference to a business records, the records must in fact be "business records." Second, the specific record from which the answer could be ascertained must be specified. *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv.*, 711 F.2d 902, 906 (9th Cir.1983). Concerning this last requirement, it is clear that a general reference to voluminous documents is not sufficient. *Derson Group, Ltd. v. Right Management Consultants, Inc.*, 119 F.R.D. 396 (E.D.Ill.1988). There is authority for the proposition that investigative reports are not "business records" within the meaning of this Rule. In *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 436 (D.Kan.1987) the court held that documents submitted by an employer to the Equal Employment Opportunity Commission (EEOC) were not business records of the EEOC for purposes of providing business records in lieu of an answer to an interrogatory. *Hoffman, supra.*

In the present instance, the SEC attempts to furnish the answers requested, with reference to documents furnished in more than twenty-eight boxes, without specifying the particular documents. Even assuming that the documents in the boxes were business records of the SEC, a point not conceded, clearly they were not sufficiently identified to comply with the requirement of Fed.R.Civ.P. 33(d).

■ This leaves for consideration whether the Debtor is entitled to the information sought by Interrogatories 10, 11, 12, 13, and 14. In the last analysis, it is clear that if the SEC relies on the allegations and the finding of the U.S. District Court that the Debtor obtained illegal profits in connection with Hammermill Paper Co. and Cluett Peabody & Co., Inc., in an attempted takeover, then the SEC is not required to specify and furnish the information requested. On the other hand, if the SEC takes the position that the activity of the Debtor, in connection with the attempted takeover of the two corporations, caused measurable economic loss to identifiable entities, then the SEC must furnish the following: the identities of the victims who suffered loss; the basis to measure the loss; and the facts indicating the reliance of the victims on misrepresentations, false presentations or actual fraud committed by the Debtor.

■ This leaves for consideration the Motion for Summary Judgment filed by the SEC, and the Motion to Reschedule Hearing on the SEC's Renewed Motion for Summary Judgment. In support of his Motion to Reschedule the hearing, the Debtor contends that due to the SEC's refusal to furnish satisfactory answers to the interrogatories discussed earlier, he did not have a full opportunity to complete discovery, therefore the hearing on the motion should be rescheduled. Moreover, the Debtor stated that he wants to file a opposing affidavit to the SEC's Motion for Summary Judgment and should be given an opportunity to do so.

■ It is well established that Summary Judgment should not be entertained by the Court, unless the parties had adequate time for discovery; and the hearing on the Motion should be continued, if the nonmoving party has not had an opportunity to make full discovery. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Based on the foregoing it is

**ORDERED, ADJUDGED AND DECREED** that the Motion to Continue the Hearing on the Motion for Summary Judgment be and the same hereby is granted and the Motion will be heard before the undersigned on January 17, 1996, in Courtroom C, 4921 Memorial Highway, Tampa, Florida. It is, Further

**ORDERED, ADJUDGED AND DECREED** that the Motions to Compel filed the Debtor be and the same are hereby granted and the SEC is hereby directed to furnish answers to interrogatories 10, 11, 12, 13 and 14, within ten days from entry of this Order, but only upon the alternative conditions set forth above.

**DONE AND ORDERED.**