**In re SINGER FURNITURE ACQUISITION CORPORATION, d/b/a SFAC, Debtor.**

**No. 95–04213–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 21, 2001.

B. Gray Gibbs, St. Petersburg, FL, Steven M. Berman, Tampa, FL, Cindy L. LoCicero, Gibbs & Runyan, P.A., St. Petersburg, FL, John L. Gardiner, Skadden, Arps, et al, New York City, Paul A. Bilzerian, Tampa, FL, Assistant United States Trustee, Tampa, FL, for debtor.

***ORDER ON MOTION FOR SANCTIONS AND OBJECTION TO PROFESSIONAL FEES AND COSTS SUMMARY OF SSMC N.V. (DOC. # 's 46 and 57)***

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this dismissed Chapter 11 case is a Motion for Sanctions filed by SSMC Inc., N.V. (SSMC). The Motion of SSMC seeks sanctions against the law firm Gibbs & Runyan, P.A., Cindy LoCicero, Paul Bilzerian and the Debtor, Singer Furniture Acquisition Corporation (SFAC or Debtor).

The Motion seeks sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure (F.R.B.P.9011) and the inherent power of the Court. SSMC's Motion fails to specify as against which of the named respondents it seeks sanctions based on F.R.B.P. 9011 and against which of the respondents it seeks sanctions based on the inherent power of the court. However, it is evident that sanctions under F.R.B.P. 9011 can only be imposed on an attorney or a party, or both, who actually signed a document which violated the certification rule. In this instance, since only Paul Bilzerian and Cindy LoCicero signed the document which allegedly violated F.R.B.P. 9011, no sanctions under this Rule can be imposed against either of the other respondents named, that is, the law firm of Gibbs & Runyan, P.A. and SFAC.

The Motion for violation of F.R.B.P. 9011 is based on the allegation that the Petition was signed and filed "without justification," and it is "riddled with factual inaccuracies and inconsistencies." The Motion pursuant to the inherent power of the court is based on the allegation that the "the party acted in bad faith, vexatiously and wantonly for oppressive reasons," citing *Chambers v. NASCO, Inc.,*

501 U.S. 32, 42–51, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) and *In re Mroz,* 65 F.3d 1567, 1574–76 (11th Cir.1995).

The Motion was initially heard by this Court and on March 14, 1996, the undersigned entered an Order on the Motion. In its Order this Court denied the Motion based on violation of F.R.B.P. 9011 but deferred ruling on the Motion based on the inherent power of the court. This ruling was based on the finding that due to the pendency of an appeal, this Court lacked jurisdiction to consider the matter. The appeal was filed by the Debtor challenging this Court's Order which dismissed the Chapter 11 case.

The appeal, filed by SSMC, challenged part of this Court's Order which denied SSMC's Motion for Sanctions based on F.R.B.P. 9011. On September 29, 2000, the District Court ruled on the appeal and held that this Court abused its discretion and erred in its interpretation of F.R.B.P. 9011. The District Court also remanded the issue of sanctions with directions to reconsider the issue in light of the Eleventh Circuit decision of *In re Mroz, supra.*

On September 29, 2000, the District Court reversed this Court's determination that parties seeking imposition of sanctions must establish all three prongs as set forth in F.R.B.P. 9011, and held it is sufficient to show just one of the three prongs. The District Court did not consider, of course, the Motion for Sanctions based on the Court's inherent power.

In due course, this Court scheduled a status conference to consider the proper procedure to conclude this matter and on November 21, 2000, entered an Order and scheduled a Final Evidentiary Hearing to consider the original Motion for Sanctions filed by SSMC.

The underlying facts relevant to the relief sought by SSMC are basically without dispute and appear from the record as follows:

On May 2, 1995, the Debtor filed its voluntary Petition for Relief under Chapter 11. The Petition described the Debtor's business as a holding company and was signed by Cindy LoCicero for Attorney B. Gray Gibbs, and Paul A. Bilzerian as President of the Debtor. The schedules accompanying the Petition and executed under penalty of perjury in Schedule A listed the only asset of this Debtor, a fund of $30,000.00 deposited in a trust account of the law firm of Gibbs & Runyan, P.A. Question 20 of Schedule B required a disclosure of any contingent and unliquidated claims of every nature, including tax refunds, counterclaims, and rights to setoff. In response, the Debtor listed claims and causes of actions against SSMC, Inc., N.V.—value unknown. The only creditors scheduled by the Debtor were a claim of Mundy, Rogers & Prith in the sum of $2,050.79, the basis of the claim being attorney's fees; Paul A. Bilzerian in the amount of $10,000.00 representing wages; and SSMC, Inc., N.V., for an amount unknown, disputed, unliquidated and the consideration for the claim was "miscellaneous."

On July 24, 1995, the Debtor filed an amendment to Schedule B and also scheduled as an additional asset $4 million net operating loss carryover.

On May 4, 1995, SSMC filed an Emergency Motion to Dismiss the Chapter 11 Case on the basis it was filed in bad faith or, in the Alternative, sought an Order to Lift the Automatic Stay. This Emergency Motion was scheduled for hearing and this Court heard argument of counsel for the respective parties, considered the relevant part of the record, and on July 13, 1995, entered an Order dismissing the Chapter 11 case based on the findings made on the record that this Petition was filed in bad

faith and, therefore, the case should be dismissed.

The Motion for Rehearing of the Order of Dismissal filed by the Debtor was also considered by this Court and was denied. This Court in its findings, stated for the record that the Petition was one of the worst bad faith cases it had ever seen and lacked total justification and was filed for the sole purpose to frustrate the pending litigation between SSMC and the Debtor in Virginia.

The Motion for Stay Pending Appeal filed by the Debtor was denied by the District Court on August 31, 1995, having concluded that the Debtor was unlikely to establish that this Court made erroneous factual findings, or abused its discretion concluding that the Debtor filed its Petition in bad faith.

The record reveals that the Debtor is a holding company, that it conducts no business in the orthodox sense, has no employees, nor any meaningful debts. Out of the total obligations listed of $12,050.79, $10,000.00 is claimed to be owed to an insider, to Paul Bilzerian for "wages." The Debtor has more than ample funds to immediately pay these obligations in full, even if the claim of Bilzerian was found to be valid. There is no justifiable need for the protective provisions of the Bankruptcy Code. This Court found, which was affirmed by the District Court, that the Petition was filed for an improper purpose and this Court did not err to conclude that it was filed in bad faith.

SSMC seeks imposition of sanctions pursuant to FRBP 9011 and also pursuant to the inherent power of the Court citing *Chambers v. NASCO, supra.* The previous version of F.R.B.P. 9011 governs the matter under consideration:

> (a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name ... The signature of an attorney or a party constitutes or party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee."

Fed.R.Bankr.P. 9011 (1996).

In construing the scope of F.R.B.P. 9011, the majority of courts adopted the objective test. *See In re Byrd, Inc.,* 927 F.2d 1135, 1137 (10th Cir. 1991). In *Cabell v. Petty,* 810 F.2d 463 (4th Cir.1987), the Fourth Circuit reversed the District Court who used the subjective test. The Tenth Circuit agreed with this approach in the case of *Burkhart v. Kinsley Bank,* 804 F.2d 588 (10th Cir.1986). As the Seventh Circuit stated in *Thornton v. Wahl,* 787 F.2d 1151, 1154 (7th Cir. 1986), "An empty head but a pure heart is no defense." Thus the motivation or the

subjective belief of counsel is clearly of no consequence.

It should be noted at the outset that there are persuasive authorities to support the proposition that sanctions may not be imposed pursuant to F.R.B.P. 9011 just because the Petition was filed in bad faith. Counsel for Debtor cites the following cases: *Whitney Apartments Associates v. McGlamry (In re Whitney Place Partners),* 123 B.R. 117, 121 (Bankr.N.D.Ga. 1991), *aff'd.,* 966 F.2d 681 (11th Cir.1992); *In re HBA East, Inc.,* 101 B.R. 411, 418 (Bankr.E.D.N.Y.1989); and *In re Southern California Sound Systems, Inc.,* 69 B.R. 893 (Bankr.S.D.Cal.1987).

The offending document in the present instance is the Petition for Relief under Chapter 11 signed by Ms. Cindy L. LoCicero, an associate of the law firm Gibbs & Runyon, P.A. and by Mr. Bilzerian, President of the Debtor. Ms. LoCicero signed the Petition on behalf of the law firm which appeared as counsel of record for the Debtor. Even a cursory reading of the Petition dispels any doubt that it was well-grounded in fact and the relief sought was warranted by existing law. The Debtor was eligible for relief under Chapter 11 pursuant to 11 U.S.C. § 109(d), and there is no evidence that Bilzerian did not have authority to file the Petition on behalf of the Debtor.

This leaves for consideration the third prong of the previous version of F.R.B.P. 9011, that the Petition was "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case." It is evident from the foregoing that technically the third prong of F.R.B.P. 9011 was violated because admittedly the Petition was filed for the sole purpose to use this Court to litigate the issues involved in the Virginia litigation because it would be cheaper and more convenient to the Debtor to litigate in this Court than litigate in Virginia.

It is clear that before a sanctionable violation occurs, the signer of the offending document had to have a meaningful role in the decision making process which led up to the signature. While this Court is not oblivious to cases where parties who are innocent signing documents at the direction of superiors have been sanctioned, this Court is constrained to reject this view and is satisfied that it would be improper and unfair to sanction someone who had no meaningful role in the decision making process to filed the offending document. However, this Court is satisfied that Ms. LoCicero's involvement was almost exclusively limited to signing the Petition which she did apparently on behalf of, and at the direction of B. Gray Gibbs.

There is no evidence in this record which indicates that Ms. LoCicero had a meaningful role in the decision-making with regards to whether or not to accept the case and to file the Chapter 11. For this reason, this Court is satisfied that although she technically violated F.R.B.P. 9011, it would not be appropriate to impose sanctions at this time but merely to admonish Ms. LoCicero and indirectly all associates who are requested by superiors to sign a document which they did not author and did not make a decision to file, unless they're satisfied that the filing does not violate F.R.B.P. 9011. However, the same cannot be said concerning the violation of F.R.B.P. 9011 by Mr. Bilzerian.

Although Mr. Bilzerian is not an attorney, this Court is satisfied that he is an extremely sophisticated litigant who has actively litigated major conflicts in this Court, not only as a former principal of BiCoastal Corporation, i.e., the Chapter 11 case *In re Bicoastal Corporation,* 126 B.R. 613 (Bankr.M.D.Fla.1991); but also in con-

nection with his own case, *In re Bilzerian,* 190 B.R. 964 (Bankr.M.D.Fla.1995); and *Securities & Exchange Commission v. Bilzerian,* 151 B.R. 954 (Bankr.M.D.Fla.1993).

Mr. Bilzerian, no doubt through his experience as a litigator, was fully aware, in fact more than many attorneys, of all of the intricacies of bankruptcy practice and of the congressional purpose of Chapter 11, and he was certainly a participant in the decision-making process to file this Chapter 11 case which was dismissed for bad faith. Mr. Bilzerian made this decision pursuant to only one goal: to stop the Virginia litigation and bring it to this Court. This is a goal clearly not to be achieved through a Chapter 11 reorganization case. Nevertheless, it is evident that Mr. Bilzerian filed the Petition having been assured by Mr. Gibbs that this filing is proper and supported by law and will accomplish the goal of stopping the pending litigation in Virginia and bringing the lawsuit to this Court.

This leads to the ultimate question, whether or not sanctions should be imposed under the Court's inherent power under *Chambers v. NASCO* for filing the Chapter 11 in bad faith. It is crystal clear from this record that this Court dismissed the Chapter 11 case based on a specific finding that it was filed in bad faith.

Counsel for the Debtor, Mr. Gibbs, contends that the filing of the Chapter 11 was not legally untenable. Counsel stated that he was aware of the position of the Eleventh Circuit concerning bad faith filings and noted there is no particular test for determining whether it has been filed in bad faith. Counsel also contended there was a reasonable basis for filing the Petition because the Debtor had assets and had a need to consolidate multiple litigations in order to protect its interest in the litigation.

To accept the proposition urged by counsel, it would be proper for a solvent corporation who is fully capable of paying all its debts in cash immediately to file a petition for relief under Chapter 11 because the litigation in which it is involved would be more convenient to litigate in the Bankruptcy Court than to be litigated in the forum where the litigation is pending. Of course, counsel could not cite any authority or persuasive argument to support this absurd proposition. It needs no further elaborate citation of authorities to point out that Congress never intended to create Chapter 11 as a convenient forum in the Bankruptcy Court for solvent debtors to litigate its two-party disputes.

There is nothing in this record which even remotely comes close to anything which resembles a legitimate aim to reorganize, simply because there is nothing to reorganize. In defense of the filing, counsel for Debtor contends that the filing was not legally untenable, and counsel in good faith believed that because the facts in this case were not the same facts present in other bad faith filings, they had a reasonable basis for filing the Petition. In support of this proposition, counsel for Debtor cites *In re Natural Land Corporation,* 825 F.2d 296 (11th Cir.1987), and *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988). However, counsel was not able to cite one single case in which a solvent debtor utilized the bankruptcy court for the sole purpose of litigation because it was more advantageous and convenient to litigate a two-party dispute than in another forum where the litigation is already pending.

In light of the overwhelming authority deciding whether or not a Petition has been filed in bad faith, *e.g., In re Natural Land Corp., supra,* this Court is satisfied that it is appropriate to impose sanctions

against the law firm of Gibbs & Runyan, P.A., and Paul A. Bilzerian jointly and severally for filing the Chapter 11 Petition in bad faith under the inherent power of the Court, 11 U.S.C. § 105 and *Chambers v. NASCO, supra.*

This leaves for consideration, however, the amount of sanctions to be imposed and to be awarded to SSMC. Law firms for SSMC seek sanctions in the total amount of $76,741.80. The documentation submitted by SSMC was challenged by the Debtor, Gibbs & Runyan, P.A. and Cindy L. LoCicero, Esq. In particular, the Objection addressed the items contending some services were not sanctionable because they have nothing to do with the litigation in this Court but pertains to the Virginia litigation.

This Court agrees that some of the items set forth in these documents are improper for the following reasons. A careful perusal of documents requesting such amount indicates that a substantial amount of time was spent by the law firm in connection with the Virginia litigation and has nothing to do with the improper filing of the Chapter 11 with this Court. The only compensable time will be for legal services required as a result of the improper filing, such as work connected with filing the Motion to Dismiss, the legal services performed in connection with this Court's original denial of sanctions including the appeal, and the current Motion For Sanctions.

The Court has carefully considered the request for sanctions by SSMC and is satisfied that it is appropriate to award a sanction in favor of SSMC and against the law firm of Gibbs & Runyan and Paul Bilzerian jointly and severally in the sum of $52,789.00, and expenses in the amount of $3,652.00.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that SSMC's Motion for Sanctions under F.R.B.P. 9011 against Cindy LoCicero, Esq. and Paul Bilzerian be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that SSMC's Motion for Sanctions under the inherent power of the Court, 11 U.S.C. § 105 and *Chambers v. NASCO* against Singer Furniture Acquisition Corporation and Cindy L. LoCicero, Esq., be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Objection filed by Debtor, Singer Furniture Acquisition Corp., Gibbs & Runyan, P.A. and Cindy L. LoCicero, Esq. be, and the same is hereby, sustained in part and overruled in part. It is further

ORDERED, ADJUDGED AND DECREED that SSMC's Motion for Sanctions under the inherent power of the Court, 11 U.S.C. § 105 and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) against Gibbs & Runyan, P.A. and Paul A. Bilzerian be, and the same is hereby, granted and SSMC is awarded the sum of $52,789.00 for sanctions and $3,652.00 for expenses against the law firm of Gibbs & Runyan, P.A., and Paul Bilzerian jointly and severally.