**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**
Plaintiff,

v.

**ELFINDEPAN, S.A.; Southern Financial Group; Tracy Calvin Dunlap, Jr.; Barry Lowe; James L. McCall; Strategic Asset Funds, S.A.; Edmund Menden; Michael Menden and Michael Zieglmeier, Defendants, and**

**C.R.C.C. LLC and Patrick Wilson, Relief Defendants.**

No. 1:00CV00742.

United States District Court, M.D. North Carolina.

April 25, 2002.

See, also, 169 F.Supp.2d 420.

Michael Menden, Eden Prairie, MN, pro se.

Michael Zieglmeier, Eagan, MN, pro se.

## ORDER

ELIASON, United States Magistrate Judge.

Defendants C.R.C.C. LLC and Patrick Wilson (collectively "CRCC") have filed a motion for an order compelling the plaintiff United States Securities and Exchange Commission ("SEC") to give more complete answers to certain interrogatories.[1] In addition, defendants want those answers sufficiently in advance of a scheduled May 1, 2002 evidentiary hearing in order to be prepared for it.

Defendants assert that on March 5, 2002, they served plaintiff with Requests for Admission, Interrogatories, and Requests for Production of Documents in order to be prepared for the May 1, 2002 evidentiary hearing. According to defendants, the hearing relates to plaintiff's motion for civil contempt against CRCC and Patrick Wilson. The discovery allegedly bears directly on the contested matter for the evidentiary hearing, which defendants assert concerns "the facts and circumstances surrounding what representations, if any, did Defendant Wilson make concerning the status and disposition of the funds received by CRCC in May and June 2001 from Elfindepan." (Def. Brief p. 2, quoting excerpts from a prior hearing).

Defendants further show (by citing hearing transcripts) that plaintiff contends that Mr. Wilson represented that certain funds would be held at all times in a safe and secure manner and that this converted the subject transaction from an arms-length one to one where he was acting as a trustee of a constructive trust or else as a banker. In order to find out plaintiff's position with respect to the alleged representations, defendants CRCC and Wilson posed the interrogatories at issue.

Benjamin Arthur Kahn, Christy Myatt, pro se, Adams, Kleemeier, Hagan, Hannah & Fouts, Greensboro, NC, for Christy Mayatt, receiver.

Dennis L. Roossien, Jr., Ross H. Parker, Munsch, Hardt, Kopf & Harr, P.C., Dallas, TX, for Joseph J. Wielebinski, receiver.

John W. Stone, Jr., Office of U.S. Attorney, Greensboro, NC, Eric N. Miller, Gregory S. Bruch, Kurt G. Gresenz, Securities and Exchange Commission, Washington, DC, for plaintiff.

Ernest Clarke Dummit, Winston–Salem, NC, William F. May, K.E. Krispen Culbertson, Culbertson & Associates, Derek J. Allen, Robert A. Singer, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, Philip L. O'Neill, Jacobson Holman, PLLC, Washington, DC, for defendants.

James L. McCall, Lafayette, IN, pro se.

---

1. The interrogatories are set out at the end of this Order. In addition, the defendants have substantially reduced and modified their requests in their motion to compel.

Plaintiff answered the interrogatories by directing defendants to peruse plaintiff's contempt papers and supporting documents, declarations, affidavits, and deposition excerpts.[2] Plaintiff contends its actions were authorized by Fed.R.Civ.P. 33(d) which provides it the option of choosing to answer the interrogatories by providing access to business records.

■ Rule 33(d) [prior to 1993, Rule 33(c)] was first enacted in 1970 and amended in 1980.[3] 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2178 (2d ed.1994) Its primary purpose or result is to shift the time and cost burden, of perusing documents in order to supply answers to discovery requests, from the producing party to the party seeking the information. *Id.;* and *Daiflon, Inc. v. Allied Chem. Corp.,* 534 F.2d 221, 225–226 (10th Cir.), *cert. denied,* 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976). This rule is both an elective and a self-executing procedure by the party which has been served with interrogatories. The Court normally first becomes involved when a party files a motion to compel. At that time, such party must make a prima facie showing that the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons. The burden then shifts to the producing party to justify use of Rule 33(d) instead of answering the interrogatories. *See generally ITT Life Ins. Co. v. Thomas Nastoff, Inc.,* 108 F.R.D. 664 (N.D.Ind.1985).

In this case, defendants have met their initial burden. They assert that the SEC will be relying on the testimony of a person named Dunlap, who often speaks in a confused, contradictory or illogical manner, that his testimony is spread out over five or six different transcripts, and that there are other voluminous records. This makes it difficult for defendants to know which documents will be relied on for the source of plaintiff's contentions. Also, as the Court itself will point out, documents themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions. Therefore, defendants have met their burden and the burden of persuasion and justification now shifts to plaintiff.

■ The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the documents will actually reveal answers to the interrogatories. 8A Wright, *supra,* § 2178, at 330. In other words, the producing party must show that the named documents contain all of the information requested by the interrogatories. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 564 (D.Kan. 1997). Crucial to this inquiry is that the producing party have adequately and precisely specified for each interrogatory, the actual documents where information will be found. 8A Wright, *supra,* § 2178, at 336. Document dumps or vague references to documents do not suffice. *Capacchione v. Charlotte–Mecklenburg Schools,* 182 F.R.D. 486 (W.D.N.C.1998) (200 boxes); *In re Bilzerian,* 190 B.R. 964 (Bankr.M.D.Fla.1995) (28 boxes). Depending on the number of documents

**2.** It should be pointed out that the undersigned has not been involved in the substantive portions of the matter, nor have the parties submitted those papers to the undersigned. In any event, it would not be the Court's responsibility to independently delve through those papers to ascertain whether they provide an adequate answer to the interrogatory questions.

**3.** Rule 33(d) provides:

**(d) Option to Produce Business Records.**
Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, includ-

ing a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. <u>A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.</u> Fed.R.Civ.P. 33(d). The underlined portion is the language added by the 1980 amendment.

and the number of interrogatories, indices may be required. *O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 278 (C.D.Cal.1999).

In the instant case, the SEC has designated declarations, affidavits, deposition excerpts, and other documents as the Rule 33(d) substitute for the seven interrogatories at issue. Not one specific document is identified for any specific interrogatory. This attempted use of Rule 33(d) is more in the nature of a document dump than a specification of documents. The action does not comply with the final sentence of Rule 33(d) which requires specificity. Nor has plaintiff shown the Court that the documents, in fact, contain all of the information sought by the interrogatories, except by simply, flatly declaring such. The Court is not given any basis for assessing this claim. For all these reasons, plaintiff fails to satisfy this justification factor.

A second burden imposed on the producing party is to justify the actual shifting of the perusal burden from it to the requesting party. Rule 33(d) by its nature, of course, contemplates shifting the burden, but its text also explicitly establishes the minimum threshold to be that "the burden of deriving or ascertaining the answer [must be] substantially the same for the party serving the interrogatory as for the party served ...." Fed.R.Civ.P. 33(d). Plaintiff has failed to show that it would be no more burdensome for defendants to go through voluminous documents to pull out answers than for plaintiff.[4]

In fact, because plaintiff is now preparing for the hearing, the Court assumes it has already culled the documents for answers to some or all of the interrogatories. In this situation, it is not equally less burdensome for defendants to obtain the information. *Petroleum Ins. Agency, Inc. v. Hartford Acc. and Indem. Co.*, 111 F.R.D. 318, 322 (D.Mass.1983). Consequently, plaintiff fails to satisfy this burden factor as well.[5]

In addition to failing to satisfy its justification burden, there remains an issue as to whether Rule 33(d) even applies to the interrogatories posed or the documents to be reviewed. Rule 33(d) was intended to be used in the situation where an interrogatory makes broad inquiries and numerous documents must be consulted to ascertain facts, such as identities, quantities, data, action, tests, results, etc. *O'Connor*, 185 F.R.D. 272. Although defendants' interrogatory requests have now been voluntarily modified, even originally the interrogatories were a mixture of contention interrogatories and requests for statements of fact. These type of interrogatories do not lend themselves to answer by use of Rule 33(d). *See In re Savitt/Adler Litigation*, 176 F.R.D. 44, 49–50 (N.D.N.Y. 1997) (documents normally reveal evidence, not a party's contentions or statement of facts which a party contends supports the complaint). For this reason, plaintiff's reliance on Rule 33(d) is misplaced.

Next, the documents plaintiff intends to use are not business records as required by Rule 33(d).[6] Pleadings, depositions, exhibits,

---

**4.** For its justification, plaintiff simply complains that defendants' interrogatories are overly broad and burdensome. Admittedly, defendants' interrogatories were originally very broad and wide ranging. Without condoning the action, the Court can understand why plaintiff responded by relying on Rule 33(d). Defendants, however, have greatly narrowed their interrogatory requests. (Had they not done so, their motion to compel likely would be in some trouble.) Nevertheless, defendants' overly broad interrogatory requests do not, by themselves, show that it would be no less burdensome for defendants to extract the information than for plaintiff. Plaintiff's showing is, at most, only one factor to be considered. *See* 8A Charles Alan Wright, *Federal Practice and Procedure* § 2201, at 355 (2d ed.1994) (identifying factors). Plaintiff does not discuss other factors.

**5.** Plaintiff fails to meet its burden for another reason. As shown next, defendants propounded contention interrogatories. Rule 33(d) may not be used as a substitute for answering such interrogatories. Only plaintiff can identify its own contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes a greatly unequal burden on defendants.

**6.** It is unclear whether the business records specified in Rule 33(d) are limited to records produced for commercial business. Some courts would apparently read business records constrictively. *Bradley v. Val–Mejias*, No. 00–2395–GTV, 2001 WL 1249339 (D.Kan. Oct. 9, 2001) (medical records); *In re Bilzerian*, 190 B.R. 964 (Bankr. M.D.Fla.1995) (investigation records). Perhaps the business records identified in Rule 33(d) may

and affidavits which plaintiff intends to use are not Rule 33(d) business records. *Starlight Intern., Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D.Kan.1999); *Melius v. National Indian Gaming Com'n*, No. CIVA98–2210 (TFH/JMF), 2000 WL 1174994 *1 n. 2 (D.D.C. July 21, 2000) (collecting cases). Without passing on whether answering interrogatories by "incorporation by reference" to other documents is ever permissible outside of Rule 33(d)[7], suffice it to say the Court would not permit this tactic to be used to make an end run around the other restrictions imposed by Rule 33(d). For this reason, the Court also finds plaintiff is not permitted to use Rule 33(d) as has been attempted in this case.

Even though the Court has found that plaintiff may not use Rule 33(d) as has been attempted, it is important to defendants' motion to compel that they narrowed some of the interrogatories which might otherwise cause the Court concern. As a consequence, the Court will grant the motion to compel as follows, and plaintiff will have to provide specific answers to the following interrogatories.

*Interrogatory No. 2 asks:*

If you contend that Elfindepan and/or Dunlap did not receive an interest in the transaction in return for contributing funds, then state and describe with particularity the facts and circumstances that support your contention.

Defendants request that plaintiff specify what interests, if any, Dunlap, in fact, received for the $7 million funding. The Court, therefore, orders plaintiff to answer that part of Interrogatory No. 2.

*Interrogatory No. 3 asks:*

If you contend that CRCC and/or Patrick Wilson was an agent, trustee or custodian of Elfindepan and/or T.C. Dunlap, Jr. in respect to use of disposition of the $7 million received by CRCC from Elfindepan's account at Rock Hill Bank & Trust, then [state the facts, identify oral and written agreements, state the amounts of compensation, identity of contents of instructions, etc.].

Defendants now only request plaintiff to set out the basis for its contention that CRCC and Wilson were Elfindepan's "agent" re: the $7 million in funding. The Court approves this interrogatory and directs plaintiff to answer it.

*Interrogatory No. 4 asks:*

If you contend that CRCC and/or Wilson occupied a special relationship of trust or confidence with Elfindepan/Dunlap in respect to the use or disposition of the $7 million received by CRCC from Elfindepan's account at Rock Hill Bank & Trust, then

(a) state and describe with particularity the facts and circumstances that supports your contention; and

(b) identify each document and non-written communication that supports your contention.

Defendants now request plaintiff to state the basis for its contention that there was a special relationship of trust and confidence between CRCC and Elfindepan. The Court approves this interrogatory as limited, and directs that plaintiff answer it.

*Interrogatory No. 5 asks:*

If you contend that CRCC and/or Patrick Wilson consented to act as an agent of Elfindepan and/or Dunlap in respect to the use or disposition of the $7 million received by CRCC from Elfindepan's account at Rock Hill Bank & Trust, then:

(a) state and describe with particularity the facts and circumstances that supports your contention; and

(b) each document and non-written communication that supports your contention.

Defendants now request that plaintiff set out the basis for its contention that CRCC consented to act as Elfindepan's agent with respect to the $7 million. The Court approves

---

include those documents which are records of regularly conducted activities under Fed.R.Evid. 803(6). The Court need not decide that issue in this case because the documents at issue here fall under neither category.

**7.** *See Starlight Intern., Inc. v. Herlihy,* 186 F.R.D. 626, 640 (D.Kan.1999).

this interrogatory as limited and directs plaintiff to answer it.

*Interrogatory No. 6 asks:*

If you contend that Elfindepan and/or Dunlap exercised control over CRCC's and/or Wilson's use or disposition of the $7 million received by CRCC from Elfindepan's account at Rock Hill Bank & Trust, then:

    (a) state and describe with particularity the facts and circumstances that supports your contention; and

    (b) each document and non-written communication that supports your contention.

Defendants now request the SEC to state the basis on which it contends that Elfindepan, as principal, exercised control over CRCC as agent. The Court approves this interrogatory as limited and directs plaintiff to answer it.

*Interrogatory No. 7 asks:*

If you contend that CRCC and/or Wilson was subject to the control of Elfindepan and/or Dunlap in respect to the former's use or disposition of the $7 million received by CRCC from Elfindepan's account at Rock Hill Bank & Trust, then:

    (a) state and describe with particularity the facts and circumstances that supports your contention; and

    (b) each document and non-written communication that supports your contention.

Defendants now request plaintiff to identify the basis on which it contends that Elfindepan actually controlled CRCC with respect to the $7 million. The Court approves this interrogatory as limited and directs plaintiff to answer it.

**IT IS THEREFORE ORDERED** that defendants C.R.C.C. LLC and Patrick Wilson's motion to compel (docket no. 274) is granted and plaintiff United States Securities Exchange Commission shall answer Interrogatory Nos. 2–7 as limited and as set out in the body of this order forthwith so that defendants may prepare for the May 1, 2002 evidentiary hearing.