Phillip HAUGHTON Plaintiff,

v.

**DISTRICT OF COLUMBIA, Defendant.**

Civil Action No. 12-CV-1767 (KBJ-AK)

United States District Court,
District of Columbia.

Signed July 15, 2014

Phillip Andrew Haughton, Washington, DC, pro se.

Gary T. Brown, Gary T. Brown & Associates, Washington, DC, James A. Devita, James A Devita, Arlington, VA, for Plaintiff.

Martha J. Mullen, Aaron Josiah Finkhousen, Jonathan Hale Pittman, Owen Williams, Office of the Attorney General for the District of Columbia, Washington, DC, for Defendant.

## MEMORANDUM ORDER

ALAN KAY, UNITED STATES
MAGISTRATE JUDGE

Pending before the Court are Phillip Haughton's Motion to Compel Discovery and for Sanctions ("Motion") [23]; District of Columbia's Opposition to the Motion ("Opposition") [26]; and Phillip Haughton's Reply to the Opposition ("Reply") [29]. Plaintiff Phillip Haughton ("Plaintiff") moves this Court to compel Defendant District of Columbia ("Defendant") to produce responses to Interrogatories Nos. 2–5, and 7–17, Requests for Documents Nos. 2–21, and Requests for Admissions Nos. 1, 3–8, and 10–13.

## I. Background

The underlying case stems from a complaint filed by Plaintiff alleging disability discrimination, discriminatory termination, and retaliation. Plaintiff was an employee of District of Columbia Public Schools ("DCPS"), an organization operated by Defendant, District of Columbia, a municipal corporation. Plaintiff sent its discovery requests to Defendant on December 23, 2013. (Motion at 1). When Plaintiff was unsatisfied with Defendant's responses, he requested a conference call with the chambers of United States District Judge Ketanji Jackson and the discovery dispute was subsequently referred to Magistrate Judge Alan Kay. (*Id.* at 2). The undersigned held a telephone conference on March 21, 2014, and requested that each party submit a memorandum detailing their

position. *See* Plaintiff's Memorandum of Law Concerning the Discovery Dispute [21] and The District's Position Statement on Discovery [22]. In light of the Court's review of these memoranda, the Court determined that the discovery disputes needed to be briefed. *See* April 2, 2014 Minute Order. Plaintiff filed the instant Motion on May 1, 2014.[1]

Plaintiff's interrogatories asked for various information about the case, including contact information for people with knowledge on the case, the terms of Plaintiff's employment, and statements of potential expert witnesses. While Defendant, in its Opposition, replied to each interrogatory individually, a summary of Defendant's objections to each of the requests follows:

- Interrogatories Nos. 3, 8, 14, and 15 were alleged to be "overly broad, vexatious, and unduly burdensome."

- Interrogatories Nos. 9 and 16 were alleged to be "vexatious and unduly burdensome."

- Interrogatories Nos. 4, 5, 7, 8, 9, and 15 were alleged to violate the attorney-client privilege and the work product doctrine.[2]

- Interrogatory No. 16 was alleged to violate the attorney-client privilege, the work product doctrine, and the deliberative process privilege.

Further, Defendant claimed that, for each interrogatory, the burden of sorting through the documents for the relevant information was the same for each party. Therefore, under Rule 33(d), providing Plaintiffs with the complete files to search through for the relevant documents constitutes a complete response. The documents produced by Defendant represent the totality of three files: Plaintiff's Personnel File (DCPS 000001-000409), Plaintiff's Equal Employment Opportunity File ("EEO File") (DCPS 000410-001050), and Plaintiff's Office of Employee

---

1. The Court notes that Plaintiff's Motion fails to include a copy of the interrogatories, document requests, and requests for admissions and Defendant's responses. Without this, the Court would have no way to make a ruling on this Motion. Defendant did however restate all the disputed interrogatories, document requests, and requests for admissions in its Opposition.

2. If a party wants to withhold documents on the grounds that they are privileged, then under the Federal Rules they must produce a privilege log describing what the documents are and why they must be withheld. *Banks v. Office of the Senate Sergeant–At–Arms & Doorkeeper of the U.S. Senate,* 471 F.3d 1341, 1343 (D.C.Cir.2006) (citing Fed. R. Civ. P. 26(b)(5)).

Appeals File ("OEA File") (DCPS 001051-001184). Below is a list of Defendant's responses regarding each interrogatory:

- Interrogatories Nos. 2, 4, 11, 16: Defendant directed Plaintiff to Plaintiff's complete OEA File which includes 135 pages of documents.

- Interrogatories Nos. 3 and 12–15: Defendant directed Plaintiff to Plaintiff's complete Personnel File and EEO File, totaling 1050 pages of documents.

- Interrogatories Nos. 7–10: Defendant directed Plaintiff to all three files, Plaintiff's Personnel File, EEO File and OEA File, totaling 1184 pages of documents.

- Interrogatory No. 5: Defendant provided no information because it claims it has not yet decided if an expert witness is needed.

- Interrogatory No. 17: Defendant directed Plaintiff to Defendant's responses to Plaintiff's requests for admissions.

Plaintiff's Document Requests asked for documents including those relating to Plaintiff's job duties and performance and documents regarding his reasonable accommodation complaints. A summary of Defendant's objections to the requests follows:

- Document Requests 1-3, 7-8, 12-13, and 15 were alleged to be "vexatious, overly broad, and unduly burdensome."

- Document Requests 18-20 were alleged to be "overly broad and unduly burdensome."

- Document Requests Nos. 1, 3, 7, 16, and 18–20 were alleged to be in violation of attorney-client privilege, work product doctrine, and deliberative process privilege.

- Document Request No. 8 was alleged to be in violation of attorney-client privilege and work product doctrine.

- Document Requests Nos. 4, 5, and 11 were objected to because the relevant documents were alleged to be in Plaintiff's possession already.

- Document Requests Nos. 7, 8, 12, 13, and 15 were alleged to request information that "is not relevant to a claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to any subject matter of this litigation."

- Document Request No. 7 was alleged to request confidential personnel information protected under the D.C. Code and to constitute an unwarranted invasion into personal privacy.

- Document Request No. 11 was alleged to provide insufficient information for the Defendant to identify any responsive documents.

- Document Requests Nos. 14 and 16 were objected to because they seek information about a request that was made 25 years ago, before the Americans with Disabilities Act Amendments Act of 2008 was passed, and because it is unclear what effects the Americans with Disabilities Act of 1990 would have had on this request.

- Document Request No. 21 was objected to because the Defendant had not yet determined whether it will need an expert witness.

Although Defendant objected to almost all of Plaintiff's Document Requests, it did provide Plaintiff with the same documents that it referred to in its answers to Plaintiff's interrogatories. A summary of the documents that were provided in response to each request follows:

- Document Requests Nos. 2–3, 12, 15, and 19: Defendant directed Plaintiff to all three files, Personnel File, EEO File and OEA File, totaling 1184 pages of documents.

- Document Requests Nos. 4–6, 9–10, 14, and 16: Defendant directed Plaintiff to Plaintiff's complete Personnel File and EEO File, totaling 1050 pages of documents.

- Document Requests Nos. 7–8, 18, and 20: Defendant directed Plaintiff to Plaintiff's complete OEA File, which includes 135 pages of documents.

- Document Request No. 11: Plaintiff's initial request was not sufficiently detailed for Defendant to know what to

provide. Plaintiff has since clarified the request and Defendant intends to provide the documents.

- Document Request 13: Plaintiff's request for correspondence received no initial response. Defendant has subsequently directed Plaintiff to specific pages within the OEA record and Personnel File and announced an intention to supplement its response with the results of an OCTO e-mail search.

- Document Request 21: Defendant did not provide any documents because it has not yet determined which experts, if any, will be needed.

Plaintiff's requests for admission sought various factual admissions from Defendant regarding Plaintiff's disability, requests for accommodation by Plaintiff, and the reasons behind the RIF that resulted in Plaintiff's termination. Defendant denied all but one of Plaintiff's requests. It provided Plaintiff with reasons for its denials, as well as directing him to some of the same documents in support of these reasons. Plaintiff claims that there was no good-faith basis for most of these denials.

## II. Legal Standard

Fed. R. Civ. P. 33(b) requires that parties answer interrogatories separately and fully in writing under oath or state the reasons for their objections and answer to the extent the question is not objectionable. *See* Fed. R. Civ. P. 33(b). Answers to interrogatories must be "true, explicit, responsive, complete, and candid." *Covad Communications Company v. Revonet, Inc.*, 258 F.R.D. 17, 19 (D.D.C.2009) (citing *Equal Rights Center v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007)). "[A]n evasive or incomplete answer is to be treated as a failure to disclose, answer, or respond." *Doe v. District of Columbia*, 231 F.R.D. 27, 31 (D.D.C.2005); Fed. R. Civ. P. 37(a)(4). "A party who has made a disclosure under Rule 26(a) [ ] or who has responded to an interrogatory, request for production or request for admission must supplement or correct its disclosure or response ... if the party learns that in some material respect the disclosure or response is incomplete or incorrect, ... ; or [ ] as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A)&(B). *See Norden v. Samper*, 544 F.Supp.2d 43, 49 (D.D.C.2008) (noting a party's duty to supplement discovery).

Fed. R. Civ. P. 33(d) provides that if the answer to an interrogatory can be ascertained through examination of a party's business records, and if the burden of examining these records is the same for both parties, then a sufficient answer includes giving the other party access to these records, as long as the records are identified with sufficient specificity and the party is given sufficient time to look through them. *See* Fed. R. Civ. P. 33(d). Although the rule does not provide any further specificity as to what documents constitute "business records," there is some case law that has attempted to clarify the issue. *See U.S.S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 578 No. 6 (M.D.N.C.2002) ("[i]t is unclear whether the business records specified in Rule 33(d) are limited to records produced for commercial business. Some courts would apparently read business records constrictively."); *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 436, 438 (D.Kan.1987) (finding that documents provided by employers to the EEOC were not business records of the EEOC).

The rule was not intended to permit parties to respond by "directing the interrogating party to a mass of business records or by offering to make all of their records available." Fed. R. Civ. P. 33 Advisory Committee's note. Courts have found parties to be in violation of the specificity requirement of Rule 33(d) when they engage in this sort of "document dump" in response to the other party's request. *See Graske v. Auto–Owners Ins. Co.*, 647 F.Supp.2d 1105, 1108–1109 (D.Neb.2009) (finding that a response was insufficient when the party provided 7000 pages of documents divided into seven files with no indices to guide the other party to responsive documents). Furthermore, courts have found that parties who provide business records in response to an interrogatory need to provide indices where the business records are large and voluminous. *See O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 278 (C.D.Cal.1999). Merely providing a broad range of Bates-Stamped documents without

any guidance as to what specific documents are responsive within that range is not sufficient to meet this requirement. *Franco–Gonzalez v. Holder*, 2013 WL 8116823 (C.D.Cal. May 3, 2013) (finding that the same 32,000 pages of documents reproduced for each of the requests failed to comply with the rule).

Document requests are governed by Fed. R. Civ. P. 34. Parties are permitted to respond to a document request by producing documents in the manner that they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(2)(E)(i). However, this does not mean that parties may identify extra documents and create unnecessary work for the other side simply because they keep these documents in the same place as part of their usual course of business. *See Williams v. Taser Int'l, Inc.*, 2006 WL 1835437 (N.D.Ga. June 30, 2006) ("[W]ere the Court to conclude that Taser had been 'overly generous' in identifying responsive documents so as to unduly burden Plaintiffs in their search of those documents, the Court would similarly require Taser to organize and label documents as responsive to Plaintiffs' requests."). Thus, parties may be required to specify documents within a larger set of reports, rather than simply referring to the entire report itself. *Kline v. Berry*, 287 F.R.D. 75, 80 (D.D.C.2012) (finding that Plaintiff had to specify specific documents within the EEOC investigative reports rather than refer Defendant to the entire report). If a party wants to withhold documents on the grounds that they are privileged, then under the Federal Rules they must produce a privilege log describing what the documents are and why they must be withheld. *Banks v. Office of the Senate Sergeant–At–Arms & Doorkeeper of the U.S. Senate*, 471 F.3d 1341, 1343 (D.C.Cir.2006) (citing Fed. R. Civ. P. 26(b)(5)).

Requests for admissions are governed by Fed. R. Civ. P. 36. If a party denies a request for admission, the denial must "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). Furthermore, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Rule 36 is intended to "define and limit the matters in controversy between the parties." *Foretich v. Chung*, 151 F.R.D. 3, 4 (D.D.C. 1993) (quoting 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2251 (1970)). As such, a challenge to the "sufficiency" of a denial cannot be based on a claim that the proposition denied is, in fact, true. *Id.* at 5.

### III. Discussion

The Court notes that Plaintiff does not limit the time period for which he requests records for any of his interrogatories or document requests. Given the Plaintiff's lengthy term of employment with Defendant, the Court feels that it would be both unduly burdensome and unlikely to lead to admissible evidence at trial to require Defendant to locate and provide documents from well before the Reduction in Force ("RIF") termination that led to the suit. Accordingly, the Court orders that any discovery requests that need to be supplemented by Defendant be limited to documents from within five years prior to the November 2, 2009 RIF termination, with the exception of any documents related to formal complaints or requests for accommodation made by Plaintiff.

**Interrogatories Nos. 2–3 and 8–16:**

■ The Court finds that Defendant's objections should be overruled. The Court further finds that Defendant's answers to these interrogatories are insufficient under Rule 33. Defendant provided Plaintiff with over 1,000 pages of documents in many of its responses. Although the documents were divided into three separate files and Bates-Stamped, there was not an index sufficient to help Plaintiff recover the necessary information with reasonable effort.[3]

■ In its response to Interrogatory No. 15, Defendant directed Plaintiff to his own recollection, indicating that information re-

---

**3.** Defendant did provide supplemental information on May 6, 2014, some of which is responsive to Interrogatory No. 3. However, since this only added 307 pages of documents to the stack that Plaintiff must sort through, this is not deemed to be a sufficient response.

garding any complaints Plaintiff had made to his supervisor should be known by Plaintiff himself. (Opposition at 19). The purpose of the discovery rules is not only to determine information but also to narrow the matters in dispute between the parties. 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil § 2014 (3d ed.). Accordingly, "It is no objection to interrogatories . . . that the information sought is within the knowledge of the interrogating party." *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 456 (2d Cir.1975) (quoting *Bowles v. Safeway Stores*, 4 F.R.D. 469, 470 (W.D.Mo.1945)).

Defendant claims that Rule 33(d) should apply here because the burden of getting the information from these documents is the same for both parties. Plaintiff is not asking for information that requires higher-level analysis or synthesizing information found in the records, but instead he is requesting specific answers to questions. The burden is therefore not the same for both parties. Accordingly, the Court orders Defendant to supplement its response to Plaintiff by either providing responsive information or designating a specific range in which the information sought can be found. In providing a more specific page range, the Court orders Defendant to specify no more than 100 pages from any one of the three individual files in which the documents are contained. If there are duplicate documents residing in two or more of the files, Defendant need not provide both copies.

**Interrogatories Nos. 4 and 7:**

Interrogatories Nos. 4 and 7 are overly broad and thus do not have to be answered by Defendant. Interrogatory No. 4 requests contact information for everyone other than expert witnesses who have any information or knowledge regarding Plaintiff's claims. This interrogatory was answered in part through Defendant's initial disclosures which provided names and contact information for over twenty employees. (District's Position Statement on Discovery Exh. 3 (Initial Disclosures)). Interrogatory No. 7 asks for any

document or tangible thing that supports a position Defendant may take in this litigation.

Much of the information sought by Plaintiff in these two interrogatories is covered by the information sought by them and provided by Defendant in the other discovery requests. Plaintiff is essentially using these interrogatories as a "catch-all" by which Defendant would be required to provide Plaintiff information on anything that he might not have thought to ask for otherwise. The Court finds that these two interrogatories are overly broad, vague, and unduly burdensome.

**Interrogatories Nos. 5 and 17:**

Interrogatory No. 5 was satisfactorily answered by Defendant. Plaintiff requested contact information for expert witnesses. Defendant did not provide any information because it has not, at this point in the litigation, identified any expert witnesses.

Interrogatory 17 was also satisfactorily answered by Defendant. Plaintiff requested any facts which were the basis of denials of any of his requests for admission. Defendant provided these facts in its response to Plaintiff's requests for admissions and appropriately directed Plaintiff to those facts when answering this interrogatory.

**Document Requests Nos. 3–5, 8–10, and 15–18:**

The Court finds that Defendant's objections to these document requests should be overruled.[4] The Court further finds that Defendant's responses to these document requests are insufficient under Rule 34. Although Defendant is permitted to refer Plaintiff to documents as they are kept in the usual course of business, this does not permit Defendant to provide Plaintiffs with unnecessary documents so as to be unduly burdensome.

Defendant provided Plaintiff with over 1,000 pages of documents, many of which

---

**4.** For example, Document Request No. 3 asks for position descriptions and related documents, Document Request No. 4 asks for any complaints made by Plaintiff for disability discrimination, and Document Request No. 5 asks for any com-

plaints regarding a failure to accommodate. These inquiries are discrete, specific, and request documents that should be readily available to Defendant.

were unresponsive to the particular requests for which they were provided. For example, in Document Request No. 3, which asked for any position statement or other document discussing Plaintiff's terms of employment, Defendant responded by producing 1184 pages of documents, the totality of all the documents provided in any of the individual requests, which included many pages unrelated to Plaintiff's specific request. Although the documents Plaintiff requested were likely contained within these pages, Plaintiff should not have to sort through all of Defendant's records to find the responsive documents. Accordingly, this Court orders that Defendant supplement its responses to these requests by designating a specific page range in which to find the responsive documents. In providing a more specific page range, the Court orders Defendant to specify no more than 100 pages from any one of the three individual files in which the documents are contained. If there are duplicate documents residing in two or more of the files, Defendant need not provide both copies.

## Document Requests Nos. 1–2 and 19–20:

■ Document Requests Nos. 1–2, 19, and 20 are overly broad and thus do not have to be answered by the Defendant. Document Request No. 1 asks for any document discussing the reasons for Plaintiff's termination. Document Request No. 2 asks for any document discussing Plaintiff's job performance. Document Request No. 19 asks for any document or tangible thing that supports a position Defendant might take in this action. Document Request No. 20 asks for any statements from other employees concerning this action or its subject matter.

Much of the information sought by these document requests is covered by other discovery requests made by Plaintiff. Plaintiff appears to be using these requests as a "catch-all" in order to have Defendant provide him with any document he might not have thought to request otherwise. The Court finds that this does not overcome the Defendant's objection that these document requests are overly broad, vague, and unduly burdensome.

## Document Request 7:

Document Request No. 7 seeks personnel files for the other employees who were involved in Plaintiff's lateral round of competition during the Reduction in Force Termination. Defendant argues that this raises privacy concerns under D.C. law regarding information in personnel files. Although the law states that this information can be disclosed following an order from a court, § 3102.4 of the District Personnel Manual, it also states that all personnel records should be handled in a manner that ensures "the greatest degree of applicant or employee privacy," D.C. Code § 1–631.01. Given this, a decision by the Court to compel production of personnel records would require heavy redaction of the large amounts of sensitive information contained in the files. Further, Defendant has already supplied Plaintiff with the RIF worksheet that details the principal's evaluation of each candidate. Considering both the burden of redacting the information in the personnel files and the small likelihood that they will produce useful information beyond what is found in the RIF worksheet, this Court denies Plaintiff's request to compel production of these documents.

## Document Requests Nos. 6, 11–14, and 21:

Document Requests Nos. 6, 11, 12, 13, and 21 were all sufficiently responded to by Defendant. Document Request No. 6 requested Plaintiff's personnel folder as specifically defined by Plaintiff. After Defendant provided Plaintiff with the Personnel and EEO Files, Plaintiff claimed that certain requested documents were missing. Defendant provided these documents in its supplemental production and thus sufficiently responded to this request.

Document Request No. 11 requested Plaintiff's Rehabilitation File. Defendant did not initially produce any documents because it did not understand what the request was seeking. Plaintiff has since clarified and Defendant has indicated an intention to produce such documents.

Documents Requests Nos. 12 and 13 both dealt with correspondence between Plaintiff and his supervisor. Although Defendant initially directed Plaintiff to the totality of docu-

ments provided by Defendant, it has since said that it will supplement this response with the results of an e-mail search.

Document Request No. 14 sought documents showing the District's response to Plaintiff's request for reasonable accommodation. Although the initial response by Defendant was insufficient, Defendant has since specified a more narrow page range of documents that are responsive to the request and agreed to supplement production with the results of the OCTO email search.

Document Request No. 21 asked for any written report by any expert to be called at trial. As the District has not yet determined whether an expert will be needed, its failure to produce documents at this time is acceptable.

### Request for Admission No. 1:

Request for Admission No. 1 asked Defendant to admit that Plaintiff suffers from attention deficit disorder and dyslexia. Defendant claims to have no reliable basis in fact to either admit or deny this request but then goes on to deny it. If Defendant cannot issue an outright denial, then good faith requires that it should refuse to admit or deny with a detailed explanation of why. This Court orders the reply stricken but permits Defendant to resubmit a more proper reply.

### Requests for Admissions Nos. 3–13:

All other Requests for Admission were denied by Defendant and were done so acceptably. Although Defendant initially accompanied its denials only by referring to documents, it has since given facts supporting its denials in its Opposition. Given these facts, this Court finds that Defendant has responded to these requests in good faith and has complied with the Federal Rules.

It is hereby this 15th day of July, 2014,

ORDERED that Phillip Haughton's Motion to Compel Discovery and for Sanctions ("Motion") [23] is granted in part and denied in part. District of Columbia must supplement its responses to Interrogatories Nos. 2, 3, 8, 9, 10, 11, 12, 13, 14, 15, and 16, Document Requests Nos. 3, 4, 5, 8, 9, 10, 15, 16, 17, and 18, and Request for Admission No. 1 as modified by the Court.