Eric A. FORETICH, D.D.S., Plaintiff,

v.

Connie CHUNG, et al., Defendants.

Civ. A. No. 91–0123 (HHG).

United States District Court,
District of Columbia.

July 29, 1993.

Stephen Andrew Armstrong, Falls Church, VA, for plaintiff.

Lee Levine, James E. Grossberg, Seth D. Berlin, Ross, Dixon & Masback, Washington, DC, Douglas P. Jacobs, Susanna M. Lowy, CBS Inc., New York City, for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

### I

This case involves one of the many pieces of litigation arising out of the highly publicized custody battle between Dr. Eric Foretich and his former wife, Dr. Elizabeth Morgan. In this particular action Dr. Foretich is suing Connie Chung, Peter Michaelis, and CBS Inc., for defamation arising out of tele-

casts aired by CBS on the dispute between Foretich and Morgan. Now pending before the Court is the defendants' motion to determine the sufficiency of the plaintiff's response to their request for admission and for costs. This motion is based on one specific request for admission served by the defendants in which they seek to determine whether the plaintiff is a public figure for purposes of this lawsuit.

## II

For purposes of resolving the present motion, a complete review of the custody dispute between Dr. Foretich and Dr. Morgan over their daughter Hilary is not necessary. The allegations made by Dr. Morgan and Hilary that Dr. Foretich sexually abused Hilary have been vehemently denied by Dr. Foretich. Among the more notorious aspects of this conflict was the twenty-five months Dr. Morgan spent in prison for refusing court orders to divulge Hilary's whereabouts. The long saga eventually brought the dispute into the courts of New Zealand, once Hilary was finally located in that country with her maternal grandparents.

Needless to say, the Morgan–Foretich custody battle generated considerable media attention. The defendants have submitted a voluminous set of exhibits documenting a sizable number of the many stories which appeared in both the print and television media about this issue.

The two telecasts which are the subject of this lawsuit, entitled "Morgan v. Foretich: The Ultimate Nightmare" were aired in January and July, 1990 on the CBS television network. They were both broadcast on shows hosted by Connie Chung. This litigation commenced on January 21, 1991 when Dr. Foretich sued Ms. Chung, CBS and Peter Michaelis, the producer of the CBS telecasts in question.

On July 8, 1992 the defendants, pursuant to Rule 36 of the federal rules, submitted their first request for admissions to the plaintiff. Request No. 1 reads as follows: "Plaintiff is a 'public figure' for purposes of this lawsuit." The plaintiff responded to this request on August 5, 1992 and then submitted revised responses on August 12, 1992. In both sets of responses the plaintiff clearly states that he denies that he is a public figure.

The defendants now challenge the sufficiency of that response and ask the Court to order the plaintiff to admit that he is a public figure for purposes of this suit.[1] The defendants also ask the Court to order the plaintiff to reimburse them for the costs of pursuing this motion, including attorney's fees. For the reasons stated below, the defendants' motion is denied.

## III

The defendants are asking this Court to order the plaintiff to serve a revised response admitting that he is a public figure for purposes of this lawsuit. Alternatively, they seek an order stating that this fact be deemed admitted by the Court. In making this request, they rely on Rule 36(a) of the Federal Rules of Civil Procedure which states in relevant part:

> The party who requested the admissions may move to determine the *sufficiency* of the answers or objections ... If the Court determines that an answer does not comply with the requirements of this rule, it may order that the matter is admitted or that an amended answer be served."

Fed.R.Civ.P. 36(a) (1993) (emphasis added).

The defendants cite this Rule for the proposition that a Court is authorized, at this stage of the proceedings, to make a factual determination of the accuracy of a party's denial. The plain text of the Rule does not authorize such an order and the defendants have cited no precedents in which, on a Rule 36 motion, a court ordered a matter admitted because a party's unequivocal denial of a request for an admission was unsupported by the evidence.

The purpose of Rule 36 indicates that such a ruling would be inappropriate. By authorizing requests for admissions, Rule 36 is designed "to define and limit the matters in controversy between the parties." 8 Charles A. Wright & Arthur R. Miller, *Federal Prac-*

---

1. The parties have agreed to a stay of discovery pending the Court's resolution of this motion.

*tice and Procedure:* Civil § 2251 (1970) ("Wright & Miller"). A party served with a request for admission has a number of options available to it. He or she can admit the matter at issue, deny the assertion, object to the request, move for a protective order, do nothing, or set out the reasons why he or she can not respond. *Id.* at section 2259. Rule 36 plainly states that where a party fails to respond to a request for an admission, that requested matter is considered admitted.

In this case, the plaintiff clearly stated that he was denying the defendants' request for an admission that he is a public figure for purposes of this lawsuit. Regardless of its accuracy,[2] this response was appropriate under Rule 36 and the Federal Rules do not allow the defendants to litigate, at this time, whether the plaintiff was justified in denying their request. The question of whether Dr. Foretich is a public figure is obviously still in dispute between the parties.

The defendants are incorrect in their assumption that the right to challenge the "sufficiency" of a response is the equivalent of the right to challenge the veracity of a denial. According to Wright and Miller, a response may be considered insufficient where it "is not 'specific' or ... the explanation for failure to admit or deny is not 'in detail' as the rule requires." *Id.* at section 2263. Where a response is "insufficient" in this manner, the rule authorizes the Court to either treat the matter as admitted (essentially treating the insufficient answer as non-responsive) or order that "an amended answer be served." Fed.R.Civ.P. 36(a). According to the advisory committee notes to Rule 36, the purpose of allowing motions to challenge the sufficiency of responses is to clarify how an ambiguous response will be treated so that each party is aware, as the litigation progresses, whether or not a particular issue has been admitted or is still in dispute. *See* Fed. R.Civ.P. 36 advisory committee's note.

Rule 37(c) of the Federal Rules provides additional support for the conclusion that the defendants are seeking improper relief through this motion. Rule 37(c) provides that a party who refuses to admit a certain matter in response to a Rule 36 request can, under certain circumstances, be held liable for expenses incurred by the opposing party in proving that particular matter at trial. *See* Fed.R.Civ.P. 37(c) (1993). Under Rule 37(c) the defendants might eventually be able to recover the costs of proving that the plaintiff is a public figure.

However, there is simply no provision of the Federal Rules allowing a party to litigate a denied request for an admission at this stage of the proceedings. Under the defendants' theory the Court could be called upon to decide each and every factual issue presented by a request for an admission, adding yet another arrow in the quiver of those who seek to delay litigation.[3] The defendants' memorandum of points and authorities submitted in support of their request reads like a motion for summary judgment directed at the public figure question. That is where this matter is more properly addressed and, if possible, resolved.

For these reasons, it is this <u>29th</u> day of July, 1993

ORDERED that the defendants' Motion to Determine the Sufficiency of Admission Response and For Costs be and it is hereby denied; and it is further

ORDERED that parties appear on September 15, 1993, at 9:45 a.m., in Courtroom No. 1, for a status conference to discuss a new schedule for dispositive motions to supersede the schedule contained in the July 30, 1992 Order.

---

**2.** In denying this motion the Court is not taking any position with respect to the question of whether Dr. Foretich is a public figure for purposes of this litigation.

**3.** The Court is not suggesting that the defendants are attempting to delay these proceedings through this motion.