Kreis v. Boca Chica Resort         CV-94-151-SD  10/28/96
                 UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Jennifer Kreis;
Kenneth Kreis

_____v.                                    Civil No. 94-151-SD


Boca Chica Resort



                           O R D E R


_____Arising from an alleged accident on hotel premises in the
Dominican Republic, this case has foundered because of
plaintiffs' inability to complete service of process.[1]  It
appears once more on a motion to reopen, requesting recognition
of validity of service or, alternatively, the allowance of
service by certified mail.  Document 13.

     Affixed to the motion is a document which indicates that on
August 2, 1996, a process server retained by the plaintiffs made
service upon one Martha Gomez, described as the "human resources
manager" of the defendant corporation.  Plaintiffs suggest this

_____

     [1]Originally filed on March 29, 1994, the case, following two
extensions of time for completion of service, was dismissed
without prejudice on May 1, 1996, pursuant to Rule 4(m), Fed. R.
Civ. P.  Document 8.  Plaintiffs' first motion for
reconsideration was denied on June 5, 1996.  Document 11.

method of service is sufficient pursuant to Rule 4(f)(2)(C)(i), Fed. R. Civ. P.

Plaintiffs are mistaken.  The provisions of Rule 4(f)(2)(C)(i) are "restricted to individual defendants, however.  Under the 1993 provision, this clause does not apply to corporate or associate defendants, see Rule 4(h)(2), even though personal delivery to corporate officers and agents is allowed in domestic cases . . . ."  Siegel, *The New (December 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons, Service and Personal Jurisdiction*, 151 F.R.D. 441, 463 (hereinafter Siegel).[2]

Turning to the plaintiffs' suggestion of the alternative of mailing, although uncited by counsel, Rule 4(f)(2)(C)(ii) permits service by medium of "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served."  Again, this method is allowable "only if mail service is not prohibited by the nation involved." Siegel at 463.

Presumably, plaintiffs' counsel has so familiarized himself with Dominican law to permit the court to infer that any mail forwarded by the clerk of this court as required by Rule

---

[2]The quoted language from Professor Siegel's paper may also be found in Title 28, Fed. R. Civ. P., Rules 1-11, United States Code Annotated (1996 Pocket Part at 69).

4(f)(2)(C)(ii) would be receipted for, signed, and returned.  On such inference, the court herewith conditionally grants the motion to reopen, provided that plaintiffs prepare and deliver the documents to be addressed and dispatched by the clerk of the court to the office of the clerk of the court within 20 days of the date of this order.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 28, 1996

Craig F. Evans, Esq.

3