THIS ORDER IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Pologeorgis/Stempien Coyle

May 2, 2019

Cancellation No. 92067494

*Hewlett Packard Enterprise Development LP*

*v.*

*Arroware Industries, Inc.*

**By the Trademark Trial and Appeal Board**:

This proceeding now comes before the Board for consideration of Petitioner's motion to compel interrogatory responses and document production. 7-8 TTABVUE. The motion is fully briefed.[1]

## I.   Background

Respondent is the owner of Registration No. 4668175 for the mark MY APOLLO (in standard characters) on the Principal Register for the following goods in International Class 9:

> Peer-to-peer computer software and downloadable peer-to-peer computer software used to store and share data, documents, files, text, images or graphics, audio, video, and other multimedia content between registered users via global computer networks, mobile telephones, and other communications networks for the purpose of general communication, file sharing, and synchronization.

---

[1] The Board notes each party's change of correspondence address. 5 and 6 TTABVUE. Board records have been updated accordingly.

Petitioner filed a petition to cancel Respondent's registration solely on the ground of abandonment. 1 TTABVUE. Respondent timely answered the petition by denying the salient allegations asserted therein and asserted a number of putative affirmative defenses. 4 TTABVUE. Both parties have served discovery. Petitioner's requests to Respondent include its First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission.

## II. Petitioner's Motion to Compel

### A. Good Faith Effort and Timeliness of Motion

The Board finds that Petitioner made a good faith effort to resolve the parties' discovery disputes prior to seeking Board intervention and that its motion is timely. *See* Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1). Furthermore, while the Board has considered the parties' arguments and evidence submitted in connection with the motion, it does not repeat or discuss all of the arguments and submissions, and does not address irrelevant arguments. *Guess? IP Holder L.P. v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

### B. Respondent's Arguments that the Motion Should Be Given No Consideration

Respondent argues that the Board should disregard Petitioner's motion due to Petitioner's alleged noncompliance with the formatting requirements under Board rules and because Respondent's forthcoming motion to dismiss or for summary judgment, based on Respondent's collateral estoppel defense and other grounds, will render Petitioner's motion to compel moot. Neither argument is well-taken.

Respondent complains that Petitioner's motion: (1) includes "extensive" footnotes, which are allegedly in less than 11-point font; (2) did not include a signature block at the end of its brief; and (3) included a single-spaced certificate of service — all in an attempt to circumvent the page limitations imposed by Trademark Rule 2.127. In fact, Petitioner's motion complies with Board rules regarding page limitations for motions since it does not exceed the permissible twenty-five pages, including a table of contents and a signature block on the first page of the brief. Trademark Rule 2.127(a); 37 C.F.R. § 2.127(a). The fact that the certificate of service is single-spaced is of no consequence because the certificate of service of a motion is not considered part of the page limitations set forth in Trademark Rule 2.127(a). Additionally, there is no requirement that the signature block of a motion be placed at the end of the brief.[2] Moreover, Petitioner's eight footnotes are not qualitatively or quantitatively excessive and do not effect evasion of page limitations under Board rules.

As for the second argument, it is similarly unavailing since a prospective dispositive motion is just that – prospective – and the mere possibility that such a motion may be filed cannot render Petitioner's motion to compel moot.

### C. Merits of the Motion

Turning to the merits of the motion to compel, Petitioner seeks the following:

- supplemental responses to Interrogatory Nos. 2-4, 6-19, and 25, in the form of sworn, complete, narrative responses;[3]

---

[2] In fact, no signature at all is necessary on a motion itself if counsel signs the ESTTA filing form accompanying the motion, which appears to be the case here. *PPG Indus. Inc. v. Guardian Indus. Corp.*, 73 USPQ2d 1926, 1927 (TTAB 2005); 8 TTABVUE 1 (bearing signature of "/David J. Diamond/").

[3] In its reply, Petitioner stated Respondent sufficiently supplemented its response to Interrogatory No. 5, and withdrew this interrogatory from the scope of its motion.

- production of documents responsive to the full scope of Request for Production Nos. 2, 3, 5, 8, 10-12, 15-19, 21-23, and 32;

- production of documents sufficient to show the name, address, and contact information for five new and unique U.S. users of Respondent's goods for each of the past four years in response to Request for Production No. 20;

- an order overruling Respondent's objections to Petitioner's first set of interrogatories and first set of requests for production;

- supplemental responses to each and every document request, as appropriate, confirming Respondent has no additional, unproduced responsive documents; and

- resetting of the schedule to allow 90 days from this order to serve expert designations and 120 days to complete discovery.

Respondent supplemented its interrogatory responses after Petitioner filed its motion to compel on July 18, 2018. Respondent, however, did not supplement its written responses to Petitioner's document requests or produce any additional documents. The Board has therefore considered Respondent's April 4, 2018 objections and responses to Petitioner's requests for documents, its production as of June 22, 2018, and its August 7, 2018, third supplemental objections and responses to Petitioner's interrogatories, served after the filing of the motion to compel.[4]

### 1. Respondent's Objections

Petitioner argues that Respondent's objections are primarily boilerplate, and those objections that are more specific are unfounded, so the objections should be overruled. In response, Respondent contends that Petitioner's discovery requests are

---

[4] Petitioner makes clear in its reply brief that its concerns with Respondent's interrogatory responses, other than for Interrogatory No. 5, remain despite Respondent's third supplemental responses. Therefore the service of these supplemental responses does not moot the motion to compel.

excessive in number, so Respondent should not be required to supplement its responses.

Respondent's position is that since Petitioner propounded more than seventy-five interrogatories, including subparts, there would be a "corresponding excessive burden" in supplementing Respondent's answers, and this burden is amplified because Respondent "previously diligently responded to a proper number" of interrogatories. Respondent similarly argues that Request for Production No. 32 alone exceeds the limit of seventy-five document requests, and therefore it should also not be compelled to supplement its responses to this document request.[5]

The Board's rules are clear that if a party believes that the number of interrogatories served upon it exceeds seventy-five, "and is not willing to waive this basis for objection, the party shall, within the time for **(and instead of) serving answers and specific objections to the interrogatories**, serve a general objection on the ground of their excessive number." Trademark Rule 2.120(d), 37 C.F.R. § 2.120(d) (emphasis added); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 405.03(e) (2018); *see also Emilio Pucci Int'l BV v. Sachdev*, 118 USPQ2d 1383, 1385 (TTAB 2016). The same requirement applies when a party believes that the number of requests for production exceed seventy-five. Trademark Rule 2.120(e), 37 C.F.R. § 2.120(e); TBMP § 406.05(e).

The Board has previously explained that:

---

[5] As noted infra, Document Request No. 32 seeks "All Documents referred to, identified in, relied upon, or supporting Registrant's responses to Interrogatories and Requests for Admission propounded by Petitioner in this proceeding."

> The purpose behind this requirement is to advance the discussion between the parties as to the number and scope of the interrogatories, and to encourage them to discuss their respective counting methods and earnestly attempt to resolve any dispute. It also provides the receiving party an opportunity to persuade the serving party to reformulate and re-serve the interrogatories, to the satisfaction of the receiving party, regardless of any differences in the respective methods for counting the interrogatories.

*Emilio Pucci*, 118 USPQ2d at 1385.

Nothing in the record suggests that Respondent followed the Board's clear rules by serving a general objection on the ground that the discovery requests were excessive in number.[6] To the contrary, Respondent's objections and responses to Petitioner's interrogatories and requests for production show that Respondent served specific objections and answers to each.

Respondent has therefore waived its right to object to Petitioner's first set of interrogatories and first set of requests for production on the ground that they exceed the number permissible under the Board's rules. *See* Trademark Rules 2.120(d) and (e), 37 C.F.R. §§ 2.120(d) and (e); *see also* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). This waiver applies with equal force to any objection by Respondent that it should not have to supplement its responses on the ground that the discovery requests are excessive in number. Allowing Respondent to limit its responses to only those answers it chose to give prior to asserting the discovery requests are excessive in

---

[6] In its response, Respondent recognizes that the Board has set forth the manner of addressing excessive interrogatories, although Respondent asserts that "TBMP 405.03(e) is just one way to handle" the issue. Respondent failed to cite any authority for other "way[s] to handle" excessive interrogatories, and Trademark Rules 2.120(d) and (e) are clear on this point.

number, and thereby precluding Petitioner an opportunity to reformulate its requests, would defeat the purpose of Trademark Rules 2.120(d) and 2.120(e) and disregard the parties' affirmative duty to cooperate in the discovery process. *Emilio Pucci*, 118 USPQ2d at 1385 (citing *Panda Travel Inc. v. Resort Option Enter. Inc.*, 94 USPQ2d 1789, 1791 (TTAB 2009) (parties have a duty to cooperate in discovery)).

The Board next turns to Petitioner's request that the Board overrule Respondent's other objections to Petitioner's interrogatories and requests for production. Petitioner asserts that Respondent's objections are boilerplate and Respondent did not explain how Petitioner's discovery requests were burdensome. In its objections and responses, Respondent objected to each of Petitioner's interrogatories and document requests in nearly identical fashion. Respondent (1) incorporated its General Objections; (2) objected to the specific discovery request as not proportional to the needs of the case; and (3) objected that the burden and expense of a response to the request outweighed the likely benefit to the proceeding. 7 TTABVUE 61-84, Ex. 2, and 9 TTABVUE 27-65, Ex. A. For a select few interrogatory and document requests, Respondent tied its assertion that the benefit was outweighed to a specific phrase or word from that request (i.e. "all U.S. customers," "all third parties," or "all current and past content of each of Registrant's social media accounts.") *Id*. Otherwise Respondent's objections and responses provided no further explanation. A review of the remainder of the record and Respondent's opposition brief further fails to show any effort to specify or explain the bases for its objections.

7

Although it is true that a party will be excused from responding to discovery that is overly broad, unduly burdensome, vague or ambiguous, or not proportional to the needs of the case, the responding party may not rely on conclusory statements when objecting on these bases, but rather must state specifically the underlying basis for the objection. *See Medtronic, Inc. v. Pacesetter Sys., Inc.*, 222 USPQ 80, 83 (TTAB 1984) ("[I]t is incumbent upon a party who has been served with interrogatories to respond by articulating his objections (with particularity) to those interrogatories which he believes to be objectionable, and by providing information sought in those interrogatories which he believes to be proper."); *see also* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.") and Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must … state with specificity the grounds for objecting to the request, including the reasons.").

Therefore, to the extent Respondent refused to provide substantive responses on the grounds that the requests are overly broad, unduly burdensome or ambiguous, or that any particular discovery request is not proportional to the needs of the case, it was incumbent on Respondent to detail with specificity the reasons for its objections. Absent such a showing, Respondent is required to provide substantive responses. In this instance, Respondent failed to detail with specificity the reasons for its objections. Additionally, Respondent failed to state clearly and affirmatively whether it has searched for and identified, but withheld, any documents responsive to any document request based on the objections it lodged in response to any of Petitioner's

8

document requests. *See* Fed. R. Civ. P. 34(b)(2)(C). In view thereof, Respondent's boilerplate objections are improper and accordingly are overruled.

It is not clear from the record whether Respondent is withholding documents responsive to Request for Production No. 2, which seeks documents sufficient to evidence use of Respondent's involved mark from the date of first use to the present. Respondent's objections and April 4, 2018 response to this request included only its boilerplate objections. However, in its opposition brief Respondent baldly, and erroneously, argues that any documents after the filing of the petition to cancel are irrelevant because nonuse after this date is excused by the need to defend its registration. 9 TTABVUE 18.

Respondent's argument is not persuasive. Although the Board has previously found on final disposition that "nonuse of a mark pending the outcome of litigation to determine the right to such use or pending the outcome of a party's protest to such use constitute[d] excusable nonuse sufficient to overcome any inference of abandonment," *see Penthouse Int'l v. Dyn Elecs., Inc.*, 196 USPQ 251, 257 (TTAB 1977); *see also Monorail Car Wash, Inc. v. McCoy*, 178 USPQ 434, 438-39 (TTAB 1973), the application of this principle does not preclude Petitioner from seeking discovery regarding any use or nonuse of Respondent's mark after the commencement of this proceeding. Accordingly, to the extent Respondent is objecting to Request for Production No. 2 because it seeks documents sufficient to evidence use on or after the December 8, 2017 institution date of this proceeding, the objection is overruled.

Petitioner also challenges Respondent's objections to Request for Production Nos. 3 and 10. Respondent objected to Request for Production No. 3, which seeks documents "relating to Use in Commerce of Registrant's Mark in connection with Registrant's Goods as of December 8, 2017," on the ground that "use on a particular random day is irrelevant to this Cancellation." December 8, 2017 is the date on which the petition to cancel was filed, and not "a particular random day." More importantly, Petitioner's request is within the proper scope of discovery for this proceeding. Respondent's objection to Request for Production No. 10 is equally faulty. Respondent objected to that request as "duplicative of other requests such as no. 5." Request for Production No. 5 seeks documents sufficient to demonstrate volume of sales and licenses, while Request for Production No. 10 seeks documents sufficient to demonstrate aggregate revenue from the sales or licenses. The volume of sales or licenses is related to quantity, while aggregate revenue from sales or licenses is directed to the amount of money generated. The terms are not identical. Respondent's objections to Request for Production Nos. 3 and 10 are thus overruled.

2. **Interrogatory No. 25 and Request for Production No. 32 – Seeking Basis for Respondent's Answers to Requests for Admission**

Interrogatory No. 25 and Request for Production No. 32 together seek facts and documents that form the basis of Respondent's admissions and denials of Petitioner's requests for admission.[7]

---

[7] Interrogatory No. 25: "For all Requests for Admission propounded by Petitioner in this proceeding that Registrant did not admit in their entirety, state all facts that form the basis for Registrant's denial or failure to admit each such Request and identify all Documents that support Registrant's responses."

The purpose of a request for admission is to determine what facts are or are not at issue for trial. A request for admission should not be used to seek discovery of the unknown. Fed. R. Civ. P. 36; TBMP § 407. *See also* 8B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2253 (3d ed. 2018) ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. … A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36."); 7 JAMES WILLIAM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 36.02[2] (3d ed. 1991) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.") and Fed. R. Civ. P. 36, Notes of Advisory Committee on Rules – 1970 Amendment ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

Neither Fed. R. Civ. P. 36 nor Board rules require a party to explain the basis of an admission or a denial. Fed. R. Civ. P. 36(4); TBMP § 407.03. Moreover, a denial of an admission request merely indicates an unwillingness to stipulate to the fact(s) of the request, while an admission indicates that the fact(s) of which an admission is

---

Request for Production 32: "All Documents referred to, identified in, relied upon, or supporting Registrant's responses to Interrogatories and Requests for Admission propounded by Petitioner in this proceeding."

11

requested are not at issue for trial. *See* WRIGHT ET AL., *supra* § 2253 ("Admissions, in some ways, are like sworn testimony. Once one is made, there is no need to revisit the point."). A discovery request seeking the basis of a response to a request for admission is effectively seeking a means for ascertaining the accuracy of the response. The Board does not determine the accuracy, or factual support, of an admission or a denial of a request for admission. Rather, the Board is limited to determining the sufficiency of an answer in view of whether the answer complies with Fed. R. Civ. P. 36. *See* Fed. R. Civ. P. 36(a)(6); Trademark Rule § 2.120(i)(1); TBMP § 524. *See also Foretich v. Chung*, 151 F.R.D. 3 (D.D.C. 1993) (Fed. R. Civ. P. 36(a) does not authorize courts to make factual determinations regarding the accuracy of a denial of a request for admission or to order that a denial is deemed admitted when unsupported by evidence).

That being said, many district courts, when faced with discovery requests such as Interrogatory No. 25, focus on the resulting number of interrogatories created by converting requests for admission into an interrogatory, and efforts by the propounding party to avoid Fed. R. Civ. P. 33's limitations on the number of interrogatories. *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all of the information on which denials of each of 50 requests for admission were based, … essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve … and condoning such a practice would circumvent the numerical limit contained in Rule 33(a)"); *Colony Ins.*

*Co. v. Kuehn*, No. 2:10-cv-01943, 2011 WL 4402738, at *10 (D. Nev. Sept. 20, 2011) (such an interrogatory "raises a concern whether the requests for admissions are being used in a manner contrary to the purpose of Rule 36. Depending on the number of underlying requests for admission, such interrogatories also raise an issue whether the proponent is attempting to sidestep the limit on the number of authorized interrogatories."); *Commodores Entm't Corp. v. McClary*, No. 6:14-cv-1335, 2015 WL 12843874, at *2-5 (M.D. Fla. Nov. 6, 2015); *Jovanovich v. Redden Marine Supply, Inc.*, No. C10-924, 2011 WL 4459171, at *2-3 (W.D. Wa. Sept. 26, 2011) ("Given that interrogatories are numerically limited, whereas requests for admission are not, it would be inequitable to allow a party to effectively use a combination of requests for admission and a single interrogatory to obtain discovery information."); *In re New Motor Vehicles Can. Exp. Antitrust Lit.*, No. 03-md-1532, 2007 WL 1296021 (D. Maine May 1, 2007); and *Estate of Manship v. United States*, 232 FRD 552, 556-557 (E.D. La. 2005).

However, other courts consider this type of interrogatory to be an impermissible attempt to avoid or supersede the requirements and obligations of Fed. R. Civ. P. 36. *See API, Inc. v. Home Ins. Co.*, No. 09-975, 2010 WL 11537460, at *6 (D. Minn. Dec. 17, 2010) ("Interrogatories asking for a factual basis for a denial of a request for admission are improper."); *Susko v. City of Weirton*, No. 5:09-cv-1, 2010 WL 1881933, at *14 (N.D.W Va. May 7, 2010) ("Plaintiff is correct in her assertion that the Interrogatory exceeds the scope of Rule 36(a)(4). ... Responding parties have no obligation to produce documents supporting a denial."); and *EEOC v. Bashas' Inc.*,

No. 09-0209, 2009 WL 5206632, at *7 (D. Ariz. Dec. 24, 2009) (An "interrogatory [seeking the factual basis for any denied request for admission] was redundant because Rule 36(a)(4) details the form and scope … for denying a request for admission.").

One blanket interrogatory or document request that seeks the basis, facts, or other information that supports the answers to all of the propounded requests for admission is at odds with the principles set forth in both lines of cases. As noted above, the purpose of a request for admission is to confirm the accuracy of information, not to seek the discovery of unknown information. Moreover, a blanket interrogatory or production request may easily exceed the number of allowed interrogatories or document requests and circumvent Trademark Rule 2.120 in that manner.

In addition to creating potential, and unnecessary, discovery disputes as to the number of discovery requests propounded, the use of a blanket interrogatory or document request is unwieldly and impermissibly shifts the burden of proving a plethora of disputed facts away from the propounding party. For example, to determine if a receiving party has provided a proper response to a blanket interrogatory or document request seeking the basis of each denied request for admission, the Board must review the requests for admission (and any objections or qualifications in the response) and then determine which requests were denied. Only after completing these steps can the Board analyze the propriety of the response to the blanket request. This method puts the burden on the receiving party and the

Board to determine which admission responses are at issue. In contrast, it is easier for the parties, and the Board, to determine whether a targeted discovery request is proportional to the issues involved in the Board proceeding.

Inasmuch as we are an administrative tribunal with a narrow jurisdiction over the right to registration the use of a blanket interrogatory or document request to discover information or documents that form the factual bases for a responding party's answer to each request for admission is impermissible. In that way, the purposes of discovery requests and admissions requests are served, and the possible circumvention of limitations on numbers is avoided.

To assist in efficiently addressing the issues within its purview, the Board has the authority to implement rules that reflect the nature, and benefits, of Board proceedings. For example, unlike the Federal Rules of Civil Procedure, the Board limits the number of requests for admission and document requests, as well as interrogatories. Trademark Rules 2.120(d), (e), and (i); 37 C.F.R. §§ 2.120(d), (e), and (i). These limitations were instituted by the Board as a means to curtail discovery abuse and restrain litigation expenses. MISCELLANEOUS CHANGES TO THE TRADEMARK TRIAL AND APPEAL BOARD RULES OF PRACTICE, 81 Fed. Reg. 69,950, 69,951 (October 7, 2016). The rejection of blanket interrogatories or document requests seeking the basis of or support for the answers to all requests for admission furthers these same goals.

Accordingly, the Board finds that the broad-based Interrogatory No. 25 and Request for Production No. 32, which seek information and documents pertaining to

all of Respondent's responses to Petitioner's requests for admission, are improper; therefore, Petitioner's motion is **denied** with respect those requests.

### 3. Invocation of Fed. R. Civ. P. 33(d) - Interrogatory Nos. 2-4 and 6-19

Petitioner asserts that Respondent's answers to Interrogatory Nos. 2-4 and 6-19 are deficient because they improperly rely upon Fed. R. Civ. P. 33(d), and Respondent should be required to provide sworn, complete, narrative responses. Respondent argues that its reliance on Fed. R. Civ. P. 33(d) was proper and, therefore, no supplemental responses to Interrogatory Nos. 2-4 and 6-19 are warranted.

Fed. R. Civ. P. 33(d) permits a responding party, under certain circumstances, to respond to an interrogatory by specifying its business records from which the information may be derived or ascertained. *See* TBMP § 405.04(b). The Board has repeatedly explained that a party must comply with three specific requirements to invoke Rule 33(d). *Johnson & Johnson v. Obschestvo s ogranitchennoy; otvetstvennostiu "WDS,"* 95 USPQ2d 1567 (TTAB 2010); *No Fear, Inc. v. Rule*, 54 USPQ2d 1551 (TTAB 2000); and *Jain v. Ramparts, Inc.*, 49 USPQ2d 1429 (TTAB 1998). First, "a party may not rely on the option to produce business records unless it can establish that providing written responses would impose a significant burden on the party." *No Fear*, 54 USPQ2d at 1555. Second, "a party who responds to interrogatories by invoking Rule 33(d) … has the duty to specify, by category and location, the records from which the answers to [the] interrogatories can be derived." *Jain*, 49 USPQ2d at 1433 (internal quotations omitted). Third, even if the responding party can meet the first two requirements, "the inquiring party must not be left with

any greater burden than the responding party when searching through and inspecting the records." *No Fear*, 54 USPQ2d at 1555. Factor three is considered only where "the first two prerequisites … have been met by the party seeking to invoke Rule 33(d)." *Jain*, 49 USPQ2d at 1434.

Respondent has not met these requirements. As an initial matter, Respondent fails to specify why providing written responses would impose a significant burden. *See Jain*, 49 USPQ2d at 1433 (the burden must be "above and beyond the normal burden involved in providing written responses to interrogatories.") Rather, Respondent submits that the burden for examining its documents "is substantially the same" for both parties, and it "should not be compelled to expend even more time to provide any additional response." 9 TTABVUE 9-10. Respondent's argument does not establish that the provision of written responses would pose a "significant burden," as that burden has been defined.

Respondent also fails to specify in sufficient detail where the answers to the interrogatories can be ascertained. Respondent's identification of its records in its third supplemental responses are all phrased as "the answer to this Interrogatory may be determined by examining Registrant's business records including among others documents Bates labeled …." 9 TTABVUE 27-65, Exhibit A. This response explicitly states that there are other, unspecified documents that contain, or are needed to ascertain, the answer to each interrogatory, and that the identified Bates ranges are not a full identification. Since Respondent does not meet the first two prerequisites, the Board does not need to address the third requirement.

Respondent's final argument is that it should not be required to supplement its interrogatory responses because Petitioner did not complain that Respondent's document request responses, for requests that corresponded to the information sought in an interrogatory, were insufficient. Under Respondent's logic, if a propounding party seeks the same or similar information from a document request and an interrogatory, and the propounding party does not allege any insufficiency with the response to the document request, then the interrogatory can be sufficiently answered by the same documents. Respondent does not cite any authority for its proposition nor is the Board aware of any such authority that a party is only required to respond to one form of discovery requests. The Federal Rules of Civil Procedure and the Board's rules both explicitly permit both types of discovery requests, and the requests can serve different purposes. For example, a document request seeking documentation on the same topic as an interrogatory request may serve as a means of corroborating the interrogatory response and vice versa. Accordingly, Respondent's final argument is unavailing.

Therefore, Respondent has not satisfied the requirements of Fed. R. Civ. P. 33(d) as a means of responding to Petitioner's Interrogatory Nos. 2-4 and 6-19. Accordingly, Petitioner's motion to compel is **granted** with respect to Interrogatory Nos. 2-4 and 6-19 to the extent that Respondent must provide sworn, complete, and narrative responses to each of these interrogatories, as set forth below.

### 4. Document Request Nos. 2, 3, 5, 8, 10-12, 15-23, and 32

Petitioner asserts that Respondent's responses to Document Request Nos. 2, 3, 5, 8, 10-12, 15-23, and 32 are deficient and Respondent should be compelled to provide supplemental responses to the full scope of the requests. More specifically, Petitioner argues that Respondent's responses to the contested document requests are deficient because inconsistencies suggest that Respondent has additional responsive documents; responses to some of the requests suggest Respondent was producing only a sampling of documents due to a claimed burden in responding to the full scope of the requests; Respondent has not confirmed whether there are additional, unproduced, responsive documents; and Respondent's assertions that its production is "substantially" complete is not the same as being complete. Respondent argues that its "production is substantially complete after conducting multiple reasonable searches" and it simply does not have any additional responsive documents to certain requests.[8]

Turning first to Respondent's written responses and objections, the statements that "[s]ubject to and without waiver the foregoing objections, and to the extent Registrant understands this request, Registrant will produce responsive, non-privileged documents located after a reasonable search at a mutually agreed time and place" are improper for several reasons. First, Respondent's responses suggest that it has not adequately fulfilled its duty to search its records to identify responsive documents. *See No Fear,* 54 USPQ2d at 1556. Moreover, in responding to each

---

[8] Respondent avers that it has no documents, or no additional documents, responsive to Document Request Nos. 8, 10-12, 15, 16, 18, 19, and 21-23.

document request, a party must state whether or not it has responsive documents in its possession, custody or control and, if it does, state the documents will be produced by a specified date or they are being withheld, based on a claim of privilege or a specified objection.[9] Fed. R. Civ. P. 34(b)(2)(B)-(C); *No Fear*, 54 USPQ2d at 1555. If a party is withholding responsive documents on the basis of a claim of privilege, that party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

The majority of the contested document requests center on Petitioner's position that Respondent's production appears incomplete, to which Respondent responds that its production is "substantially complete" or it has no additional responsive documents. The proper application of Fed. R. Civ. P. 34, as explained above, addresses Petitioner's questions as to whether Respondent has any additional, unproduced responsive documents.[10] To the extent Respondent has additional responsive documents that have not been produced, Petitioner is correct that "substantially

---

[9] Of course, since Respondent's objections have been overruled it cannot withhold any responsive documents on the bases of those objections. Indeed, Respondent did not clearly state that it was withholding documents based on its asserted objections, as required by Fed. R. Civ. P. 34(b)(2)(C).

[10] Upon Respondent's service of supplemental responses and its supplemental production as ordered herein, and in the absence of any evidence that Respondent possesses additional unproduced documents, Petitioner's remedy is to file a motion for imposition of the preclusion sanction under Fed. R. Civ. P. 37(c)(1) if at trial Respondent seeks to rely on information or documents that were sought by Petitioner during discovery but not provided or produced by Respondent.

complete" does not equal "complete." Respondent is ordered to fully complete its search and production. Respondent also fails to explain why responding to the full scope of the contested document requests would be unduly burdensome. Therefore, Respondent's supplemental responses and production must be to the full scope of the document requests, with the exception of Document Request Nos. 20 and 32 as discussed below.

For both Document Request Nos. 17 and 23, Petitioner identified additional documents it believes are missing from Respondent's production in view of other documents produced by Respondent. Respondent in turn has stated that it will conduct an additional search for LinkedIn and Instagram documents responsive to Request for Production No. 17, and that if Petitioner identifies the missing documents in response to Request for Production No. 23 by name or bates number, then Respondent will conduct an additional search to try to find the specific documents. The Board interprets Respondent's statements to be its agreement to supplement its responses and production for Document Request Nos. 17 and 23 accordingly. Respondent's supplemental response and production to Request for Production No. 17, including documents pertaining to LinkedIn and Instagram documents, must occur within the time period set forth for the remainder of its supplemental response and production. As to Request for Production No. 23, Petitioner is ordered to serve a reasonable identification of the documents it believes to be missing,[11] and Respondent

---

[11] A reasonable identification includes, for example, identifying the name of an attachment identified in a produced email and Bates number of the produced email or describing a document and identifying the Bates number(s) of the documents from which that description was derived.

is ordered to complete its supplemental response and production, all within the time period set forth herein.

Request for Production No. 20 originally sought documents "to identify all U.S. customers." However, the record reflects that Petitioner offered to refine this request to "five unique U.S. users … that registered in each of the preceding three years." 8 TTABVUE at 18 and 120. If there is a question of abandonment, as is the case here, the names of a minimal number of customers for the period in question are discoverable subject to the provisions of the Board's standard protective order. *See Fisons Ltd. v. Capability Brown Ltd.*, 209 USPQ 167, 169 (TTAB 1980); TBMP § 414(3). The Board has also found that when abandonment is at issue, furnishing the names of one or two customers, which may be done under the provisions of the Board's standard protective order, for each year of a specified period of years is sufficient to meet the needs of such permissible discovery. *See Johnston Pump/Gen. Valve Inc. v. Chromalloy Am. Corp.*, 10 USPQ2d 1671, 1675 (TTAB 1988); TBMP § 414(3). In view thereof, Petitioner's motion to compel is granted to the extent that Respondent is ordered to supplement its response and production to Request for Production No. 20 by identifying **two** of its newly-registered U.S. users for each of the years specified in the request.

To ensure clarity, the portion of Request for Production No. 32 pertaining to Respondent's responses to Petitioner's requests for admission has been stricken. However, as explained above, Respondent waived its objection on the grounds that the requests are excessive in number and its other objections are stricken. Accordingly,

Petitioner's motion to compel is granted with respect to Request for Production No. 32 solely to the extent it seeks documents pertaining to Respondent's responses to Petitioner's interrogatories only (and not requests for admission).

Accordingly, Petitioner's motion to compel is **granted** with respect to Document Request Nos. 2, 3, 5, 8, 10-12, 15-23, and 32 as set forth herein.

## III. Summary

In view of the foregoing, Petitioner's motion to compel is **GRANTED** in part, and **DENIED** in part, to the extent indicated herein. Additionally, the November 6, 2018, suspension order is retroactive to the filing date of Petitioner's motion to compel. Because the motion was filed prior to the deadline for expert disclosures the Board will reset dates accordingly, including the deadline for expert disclosures.

Respondent is allowed until **thirty days** from the mailing date of this order in which to provide full and complete **written and verified** responses to Petitioner's Interrogatory Nos. 2-4 and 6-19.

Petitioner is allowed until **fifteen days** from the mailing date of this order in which to provide its reasonable identification of documents it believes to be missing from Respondent's production in response to Request for Production No. 32. Respondent is allowed until **fifteen days** from the date of service of Petitioner's identification to complete any necessary search, serve its supplemental response and copy and produce all unproduced non-privileged documents responsive to Request for Production No. 32.

Respondent is also allowed until **thirty days** from the mailing date of this order to copy and produce all unproduced, non-privileged documents responsive to Petitioner's Requests for Production Nos. 2, 3, 5, 8, 10-12, 15-23, and 32, to the extent set forth in this order. If the production of documents to any particular request is voluminous, Respondent may produce a representative sampling of documents. Such representative sampling, however, must be sufficient to meet Petitioner's discovery needs.

If Respondent has no non-privileged documents in its possession, custody or control that are responsive to any of the above-identified requests for production of documents, Respondent must so state affirmatively in its response to the corresponding request.

To the extent Respondent has already **fully** searched for and produced documents responsive to any of the above-identified requests for production of documents, Respondent must so state in its response to the particular request and identify, by Bates number, the documents that are responsive to each request.

Additionally, Respondent is required to provide Petitioner with a privilege log within the same **thirty days** provided above to the extent that Respondent claims privilege to **any** of Petitioner's written discovery requests, if it has not already done so.

The Board expects the parties (and their attorneys) to cooperate with one another in the discovery process and looks with extreme disfavor on those who do not. TBMP § 408. Each party and its attorney has a duty to make a good faith effort to satisfy

the discovery needs of its adversary. *Id*. The parties are also reminded of their ongoing duty to supplement their discovery responses in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

Should Respondent not comply with the Board's orders herein, Petitioner may seek appropriate sanctions. *See* Trademark Rule 2.120(g); and TBMP §§ 411.04 and 527.01.

Respondent is reminded that it may, upon timely objection from Petitioner, be precluded from relying at trial upon information or documents that were properly sought, but not disclosed, during discovery, unless such failure to disclose "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Panda Travel, Inc.*, 94 USPQ2d at 1792.

## IV.  Trial Schedule

Proceedings herein are hereby **RESUMED**. Remaining trial dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due[12] | 7/1/2019 |
| Discovery Closes | 7/31/2019 |
| Plaintiff's Pretrial Disclosures Due | 9/14/2019 |
| Plaintiff's 30-day Trial Period Ends | 10/29/2019 |
| Defendant's Pretrial Disclosures Due | 11/13/2019 |
| Defendant's 30-day Trial Period Ends | 12/28/2019 |
| Plaintiff's Rebuttal Disclosures Due | 1/12/2020 |
| Plaintiff's 15-day Rebuttal Period Ends | 2/11/2020 |
| Plaintiff's Opening Brief Due | 4/11/2020 |
| Defendant's Brief Due | 5/11/2020 |

---

[12] Although Petitioner requested a ninety-day extension of the expert witness disclosure deadline, the Board finds that a sixty-day extension is more than sufficient.

Plaintiff's Reply Brief Due                    5/26/2020
Request for Oral Hearing (optional) Due     6/5/2020

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).